UNITED STATES, Appellee

v

WILLIAM C. HOOD, Specialist Third Class, U. S. Army, Appellant

8 USCMA 473, 24 CMR 283

No. 9986

Decided December 13, 1957

· Colonel Edward M. O'Connell, Colonel James M. Scott, First Lieutenant Lawrence R. Fullem and First Lieutenant William L. Garwood were on the brief for Appellant, Accused.

Lieutenant Colonel John G. Lee, Lieutenant Colonel Thomas J. Newton, Major Thomas J. Nichols, First Lieutenant Jay D. Fischer and First Lieutenant Chester F. Relyea were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was charged with six offenses. Three specifications were laid under Article 134, Uniform Code of Military Justice, 10 USC § 934, and each alleges the theft of a letter from the mails on a different date. Each of the other three specifications charges the larceny of a postal money order, and all were laid under Article 121, Uniform Code of Military Justice, 10 USC § 921. The addressee of the letter set out in the numbered specifications under Article 134 is named as the owner of the money order in a correspondingly numbered specification under Article 121. The accused entered a plea of guilty to all specifications and both charges. No evidence was presented. He was duly convicted and sentenced by the court-martial. Intermediate appellate authorities affirmed, with modification of the period of confinement.

On this appeal the accused contends that he should have been sentenced on the basis of three separate offenses instead of six. He argues that in each instance only one offense was committed because the money order was included within the particular letter that he abstracted from the mail on the days specified.

By themselves, the allegations of the specification do not support the accused's argument. Neither does the record of trial contain any evidence to support it. The correspondence of date and addressee-owner is hardly enough to show that the money orders came from the stolen letters. However, both the Article 32 investigation and the Staff Judge Advocate's post-trial review, which was considered by the convening authority in his action, show unmistakably that in fact the money orders came from the letters. Moreover, the Government acknowledges that the issue raised by the accused is "identical" to that considered by us in United States v Dicario, 8 USCMA 353, 24 CMR 163. In the Dicario case we held that an accused cannot be punished separately for the theft of a letter from the mail and for the theft of the contents of that letter. Under the circumstances, the Dicario holding is controlling.

The sentence is set aside. The record of trial is returned to the board of review for reassessment of the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons expressed in my dissenting opinion in United States v Dicario, 8 USCMA 353, 24 CMR 163.