UNITED STATES, Appellee

v

GARY M. WEAVER, Private,
U. S. Marine Corps, Appellant

18 USCMA 173, 39 CMR 173

No. 21,482

March 14, 1969

*Captain John J. Ruprecht*, USMCR, argued the cause for Appellant, Accused.

*Lieutenant Ray M. Druley*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche*, USMC.

## Opinion of the Court

DARDEN, Judge:

The appellant pleaded guilty to seven charges, covering absence without leave, escape, arson, housebreaking, larceny, attempted theft, and conspiracy to commit arson under Articles 86, 95, 126, 130, 121, 80, and 81, Uniform Code of Military Justice, 10 USC §§ 886, 895, 926, 930, 921, 880, and 881, respectively. He was sentenced to bad-conduct discharge, total forfeitures, and confinement at hard labor for thirty months. The convening authority, in approving the sentence, provided: "confinement at hard labor in excess of two (2) years is suspended for the period of confinement actually served, at which time, unless sooner vacated, the suspended confinement shall be remitted without further action." After the board of review affirmed, this Court granted appellant's petition to consider whether charges and specifications alleging housebreaking with the intent to commit larceny, larceny, and attempted larceny are unreasonably multiplicious for punishment purposes.

Because of the plea of guilty, evidence of the offenses was not fully developed on the record. Both appellate counsel, therefore, rely on facts developed at the Article 32 investigation. Since opposing counsel apparently agreed on the facts, we, in disposing of the issue at hand, treat appellate counsel's efforts as a supplementation of the record. United States v Roberts, 7 USCMA 322, 22 CMR 112; cf. United States v Hood, 8 USCMA 473, 24 CMR 283.

The agreed facts indicate that at about 4:00 a. m. on the day involved, appellant broke a window of the Enlisted Men's Club, opened it, and then entered the building. He then tried to force his way into a metal safe that was in the office section of the Club by cutting the hinges of the safe with tools found in a box nearby. Despite this effort, he was unable to get the door open. He then proceeded to cut the chain wire on the door that separated the Post Exchange from the Enlisted Men's Club. After cutting the chain wire, he reached in, broke the lock on the door, and entered the Post Exchange where he stole a variety of merchandise.

Appellant asserts that:

(1) The charge and specification alleging larceny is multiplicious with the charge and specification alleging attempted larceny.

(2) The charge and specification alleging attempted larceny is multiplicious with the charge and specification alleging housebreaking with the intent to commit larceny.

(3) The charge and specification alleging housebreaking with the intent to commit larceny is multiplicious with the charge and specification alleging larceny.

174

Paragraph 76*a*(8), Manual for Courts-Martial, United States, 1951, provides:

"The maximum authorized punishment may be imposed for each of two or more separate offenses arising out of the same act or transaction. The test to be applied in determining whether the offenses of which the accused has been convicted are separate is this: *The offenses are separate if each offense requires proof of an element not required to prove the other.* Thus, if the accused is convicted of escape from confinement (Art. 95) and desertion (Art. 85)— both offenses arising out of the same act or transaction—the court may legally adjudge the maximum punishment authorized for each offense because an intent to remain permanently absent is not a necessary element of the offense of escape, and a freeing from restraint is not a necessary element of the offense of desertion. An accused may not be punished for both a principal offense and for an offense included therein because it would not be necessary in proving the included offense to prove any element not required to prove the principal offense." [Emphasis supplied.]

This rule is based largely on the decision of the United States Supreme Court in Blockburger v United States, 284 US 299, 304, 76 L Ed 306, 52 S Ct 180 (1932), which prescribes the test in this style case as follows:

". . . The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

However, this Court has not always followed the guidance of the Manual for Courts-Martial in this area. Instead, we have considered each case on its own facts and at different times have applied different tests to determine whether offenses were separate. In United States v Yarborough, 1 USCMA 678, 5 CMR 106, this Court applied the "separate element" standard in holding that malingering and conspiracy to malinger were separate offenses. In United States v Soukup, 2 USCMA 141, 7 CMR 17, the Court introduced a "separate duty criterion" while in United States v Beene, 4 USCMA 177, 15 CMR 177, we applied a standard of whether separate legislative "norms" had to be established. We said that:

"The 'duties' adverted to by us in Soukup, Redenius, and elsewhere are but the correlatives of juristic norms requiring adherence. These norms or standards—whether of legislative or judicial origin—are designed to facilitate societal living; and their binding power stems in large part from the premise that, apart from a regulated society, man is helpless to survive. . . . It follows logically that punishment will be ascribed in accordance with the number and value of the norms transgressed." [*Id.*, at page 179.]

On occasion, the Court has decided that one offense is included in another and therefore multiplicious, because in proving the included offense it is unnecessary to prove any element not required to prove the principal offense. Illustrative of these cases are United States v McVey, 4 USCMA 167, 15 CMR 167, and United States v Posnick, 8 USCMA 201, 24 CMR 11.

In attempting to demonstrate that housebreaking with the intent to commit larceny is multiplicious with attempted larceny, the appellant argues that the "overt act" necessary to support the attempt charge occurred upon entry into the building instead of at the time of the tampering with the safe. He urges that the intent to steal together with the "overt act" of wrongfully entering the building equals an attempted larceny, citing United States v Dicario, 8 USCMA 353, 24 CMR 163, and United States v Kleinhans, 14 USCMA 496, 34 CMR 276. In both of these cases, this Court held that an accused may not be punished separately for larceny of money from letters stolen from the mails and unlawfully opened. In *Dicario*, at page 361, the

175

Court stated that "proof of the theft of the contents is sufficient to establish proof of the theft of the letter in which they were contained. When such similarity of proof exists in regard to a single act committed by the accused, the offenses are not separately punishable." In *Kleinhans*, the Court emphasized that there was a single impulse or intent to commit larceny.

The Government's response is that the issue on the offenses of housebreaking and attempted larceny is whether the attempt to break open the safe occurred a sufficient time after the breaking and entering so that it constituted a separate and distinct offense. As authority for the proposition that the offense of housebreaking was complete with the entry, the Government relies on Morgan v Devine, 237 US 632, 59 L Ed 1153, 35 S Ct 712 (1915), and United States v Dunaway, 170 F2d 11 (CA 10th Cir) (1948). The Government insists that the pretrial statement of the accused shows that the attempt to enter the safe was separate and later, and not "a single act" as referred to in *Dicario* and *Kleinhans*, both supra.

Turning to larceny and housebreaking, the appellant suggests that the case Morgan v Devine, supra, is not determinative that these offenses may be punished separately. His counsel asserts that the Supreme Court there found a Congressional intent to prescribe separate and distinct offenses.

To support its argument that larceny and housebreaking are not multiplicious, the Government relies on United States v Mayo, 26 CMR 627; Morgan v Devine, supra; United States v Dunaway, supra; United States v Gibson, 3 USCMA 746, 14 CMR 164.

In *Gibson*, one of the issues was whether there was unreasonable multiplicity of charges against an accused convicted of six offenses. The offenses consisted of breaking into three different buildings and committing three distinct larcenies, one in each of the buildings. In deciding that the facts in *Gibson* did not constitute multiplicity, this Court expressed the view that "[b]etter ex-

 amples of separate offenses can hardly be imagined." *Id.*, at page 753. On the facts in this case, that is still an appropriate conclusion for we believe that here larceny and housebreaking with intent to commit larceny are separate offenses, punishable separately. It follows, necessarily, that under this same rationale, the attempted larceny and housebreaking are not multiplicious.

The last of the three combinations of possible multiplicity is larceny and attempted larceny. The appellant relies on paragraph 200a(7) of the Manual for Courts-Martial, United States, 1951, the pertinent part of which reads: "When a larceny of several articles is committed *at substantially the same time and place*, it is a single larceny even though the articles belong to different persons." (Emphasis supplied.) Our attention is invited to United States v Swigert, 8 USCMA 468, 24 CMR 278, where that accused took $20.00 from a wallet, left the room and upon reflection returned to the room and removed an additional $40.00 that he had originally left in the wallet. Holding that the Government was correct in charging the accused with one specification of larceny in an amount of over $50.00, this Court said that when the transaction was viewed in its entirety there was in fact only a single impulse to steal.

The appellant urges that the case that more nearly duplicates the facts of the case at bar is United States v Collins, 16 USCMA 167, 36 CMR 323. In *Collins*, the accused broke into a refreshment center and first unsuccessfully attempted to open a safe in a part of the building used as an office. He succeeded only in damaging the dial on the door of the safe. Later, in another part of the building, the accused forced open and damaged money containers in several pinball machines and a jukebox. The Court held that "when several articles of property are damaged, in violation of Article 109, under circumstances indicating only a single incident or transaction, the damage must be alleged as part of one offense." *Id.*, at page 169. The absence of an express Congressional intent to pyra-

mid the penalties for larceny and attempted larceny is emphasized in the appellant's brief.

The Government attempts to distinguish the *Collins* case from the instant one by pointing out that in *Collins* the pinball machines and the safe were not separated by a locked and chained door as were the Enlisted Men's Club and the Post Exchange here. The Government insists that the evidence in this case indicates that the attempted larceny of the contents of the safe and larceny of the merchandise in the Exchange were not consummated at substantially the same time and place.

That the Post Exchange and the Enlisted Men's Club were separated by a locked door composed of chain wire screen that had to be penetrated is a persuasive basis for differentiating *Collins* and for holding that the attempted larceny and larceny were separate incidents or transactions. Such a holding is not indispensable, however, for a reasonable disposition of this case. In our view, the possibility is minuscule that the confinement period adjudged would have been less if two offenses had been charged instead of three. The law officer instructed the members of the court-martial that the maximum punishment in terms of confinement at hard labor was forty-one years. This Court has already decided that housebreaking and larceny are separate offenses. United States v Gibson, supra. Hence, thirty-six years was unquestionably an authorized confinement sentence without an unqualified holding that in the circumstances of this case attempted larceny and larceny were separate offenses. The sentence of the court-martial imposed confinement at hard labor for thirty months, a period less than one-twelfth the maximum confinement that even the appellant concedes was permissible.

One of the issues in United States v McCormick, 12 USCMA 26, 30 CMR 26, was whether the maximum confinement at hard labor was twenty-five years and six months or twenty-seven years. The sentence to confinement that resulted was five years. The Court thought that accused was unharmed by a confinement sentence less than one-fifth of the maximum that McCormick agreed was proper. Here, also, we think the confinement actually imposed is not so large—compared to the lower limit of the confinement the accused concedes was appropriate—as to cause us to believe that the accused was substantially prejudiced by the several charges and specifications, even if two of them were multiplicious.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.