UNITED STATES, Appellee

v

RONALD A. KILGORE, Private First Class, U. S. Army, Appellant

22 USCMA 67, 46 CMR 67

No. 24,003

December 1, 1972

*Captain Francis X. Gindhart* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Robert H. Dickman.*

*Captain Francis X. Wright* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Glenn R. Bonard.*

### Opinion of the Court

QUINN, Judge:

On this appeal[1] the accused contends that because the maximum confinement to which he was subject for 11 offenses in violation of the Uniform Code, to which he pleaded guilty, was 22 years, not 26½ years, his plea was improvident and the respective sentence determinations by the court-martial and the convening authority were improper. The contention depends upon the punishment authorized

---

[1] We considered a different phase of the case earlier on certification by the Judge Advocate General. United States v Kilgare, 21 USCMA 35, 44 CMR 89 (1971).

for each of six specifications alleging that, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907, with intent to deceive, the accused made a false official statement in that he did "execute MACV Form 385, stating thereon that he had not purchased more than $200.00 in US Postal Money Orders" in a specified month. For the "signing" of certain documents the penalty includes confinement for one year; the confinement for "any other false official statement" is only three months. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c, Table of Maximum Punishments, Section A.

In the proceedings below, it was contemplated that the one-year provision applied. The accused now contends that the three-month provision applies. His argument has two aspects. The first is that Form 385 is not within the category of statements included in the one-year punishment provision; the second is that the word "execute" does not import that the statement was signed by the accused. The legislative background of Article 107, which indicates a purpose to broaden the scope of related provisions of the earlier Articles of War, is opposed to the first contention. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 264. The dictionary definition of "execute," as used to express completion of a form, is opposed to the second. See Webster's Third New International Dictionary, page 794. We need not, however, decide the merits of the alleged error, since it is apparent that the accused was, and will not be, prejudiced by the difference.

■ As to the sentence determination by the court-martial and the convening authority, the difference between 22 years and 26½ years, as the maximum confinement, is "too slight to justify remand . . . for reassessment," considering that the court adjudged confinement of four years and the convening authority approved confinement for 3½ years. United States v Teitsort, 9 USCMA 322, 26 CMR 102 (1958); United States v Weaver, 18 USCMA 173, 39 CMR 173 (1969).

■ As to the plea of guilty, a "serious misunderstanding as to the maximum imposable sentence" may indicate that a pretrial agreement and a plea based thereon are improvident. United States v Turner, 18 USCMA 55, 60, 39 CMR 55 (1968). See also United States v Windham, 15 USCMA 523, 525, 36 CMR 21 (1965). Here, at trial the accused specifically indicated that his plea of guilty was not "influenced" by sentence considerations. The representation is consistent with the circumstances. The other offenses to which the accused proposed, before trial, to plead guilty authorized confinement for 20½ years, so it is most unlikely that the punishment for the offenses in issue played any appreciable part in his decision to offer to plead guilty, if the confinement approved by the convening authority did not exceed 3½ years. It may be true, as appellate defense counsel contend, that, in general terms, the opprobrium inherent in a one-year offense is greater than that in a three-month offense, but the number and seriousness of the other offenses make wholly speculative the suggestion that the accused may suffer collateral consequences if the offenses in issue are not specifically classified as to punishment. Consequently, assuming without deciding, that the accused's present contention is correct, we perceive no fair risk of prejudice to him from the alleged miscalculation of the maximum period of confinement. Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge DARDEN and Judge DUNCAN concur.