**UNITED STATES, Appellee,**

v.

**Steven John FRANGOULES, Aviation Storekeeper Airman, U. S. Navy, Appellant.**

**No. 32,499.**

U. S. Court of Military Appeals.

Sept. 3, 1976.

*Commander A. W. Eoff, II*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress*, USMC, was on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

The question presented by this appeal is whether the accused's plea of guilty was improvident "because of a serious misunderstanding" on his part as to the "maximum imposable punishment."

Eight specifications alleging transactions with controlled substances in violation of U.S. Navy Regulations (1973), Article 1151 (Feb. 26, 1973), were referred to a general court-martial for trial. Each specification alleged a wrongful act on the same day and place. Before trial, the accused entered into an agreement with the convening authority: he agreed to plead guilty to four of the specifications, and the convening authority undertook to withdraw the other specifications and to approve a sentence not in excess of a bad-conduct discharge, forfeitures and reduction in rate as imposed by the court-martial, and confinement at hard labor for 1 year, with provision for conditioned suspension of part of the period.

When the case came on for hearing, the trial judge inquired into the accused's understanding of the maximum punishment to which he was subject for the offenses to which he proposed to plead guilty. Defense counsel indicated he had "quite a bit of discussion" of the matter with the accused. He informed him that he believed the offenses were not separately punishable so that the maximum confinement was 2 years, but he also pointed out that if the specifications were held to be separately punishable, the legal maximum was 8 years. After ascertaining that trial counsel regarded each offense as separate, the judge remarked that, in deliberating on the sentence, he would treat specifications 2 and 6

as multiplicious, with the result that 6 years would be the maximum term of confinement. Thereupon, he had the accused again consult with his counsel on the matter. After the consultation, he asked the accused whether he desired still to "persist in . . . [his] guilty pleas," and he received an affirmative reply.

 A plea of guilty may be improvident because of a substantial misunderstanding on the accused's part as to the maximum punishment to which he is legally subject as a result of the plea. *United States v. Harden*, 1 M.J. 258 (1976). A misunderstanding of this nature can arise when the accused is charged with a number of offenses which may turn out to be not separately punishable. However, if the accused is aware that some, or all, of the offenses may be multiplicious and he is still willing to plead guilty "regardless of the ultimate decision" as to the legal maximum, it cannot reasonably be argued that he entered the plea without adequate understanding of the legal limits of his punishment. *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 497, 34 C.M.R. 276, 277 (1964). It reasonably appears here that the accused had considered, and taken account of, the probability that his counsel's opinion as to the legal period of confinement for the offenses to which he proposed to plead guilty and as to which he had entered into an agreement with the convening authority, might not accord with the trial judge's determination. The reasonable inference is that the accused believed, and so informed the trial judge, that his entry of the plea of guilty, pursuant to his pretrial agreement, regardless of whether he was subject to confinement for 8 years or 2 years, was appropriate because he was satisfied in his "own mind that . . . [he was] guilty" and because he believed that the plea was in his "own best interest." Thus, the record demonstrates that the accused did not labor under such a misapprehension as to the confinement that could be legally imposed as to render his plea improvident.

Although the record requires that we decide the granted issue against the accused, it also requires that we consider the manifest incorrectness of the trial judge's determination of the maximum period of confinement to which the accused was subject. *United States v. Kleinhans, supra.* The trial judge had, as noted earlier, indicated he would impose sentence on the premise that two of the four specifications were not separately punishable and that the aggregate period of confinement was 6 years. However, from the allegations of each specification and the evidence as to the circumstances of their commission that was adduced at trial it is apparent that the "various drugs were simultaneously possessed," and were, therefore, not separately punishable. *United States v. Hughes*, 1 M.J. 346, 348 (1976); *United States v. Smith*, 1 M.J. 260 (1976). As the trial judge imposed sentence upon the basis of a significant miscalculation of the legal period of confinement, the accused is entitled to a reassessment thereof.

The decision of the Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the court for reassessment of the sentence.