**UNITED STATES**

v.

**Sergeant Ricardo W. DE LA FUENTE, FR 488–58–6430 Headquarters, 401st Combat Support Group United States Air Forces in Europe.**

**ACM 21864 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 April 1975.

Decided 16 Sept. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

Consonant with his plea, the accused was convicted of wrongfully possessing marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for four months, to forfeit $125.00 per month for four months and to be reduced in grade to airman basic.

In our original decision in this case, dated 3 September 1975, we affirmed the findings of guilty and the sentence. On 6 February 1976, the United States Court of Military Appeals vacated our decision and remanded the record of trial to us with instructions to hold further proceedings in abeyance pending that Court's disposition of the relevant issues in *United States v. Courtney, United States v. Jackson* and *United States v. Graves.*[1]

In *Courtney,* the Court concluded that in the absence of an appropriate standard for use in determining whether to charge an offense under Article 134, Code, supra, instead of Article 92, the mere "existence of the two statutes which . . . punish virtually identical conduct in different ways . . . violates the Fifth Amendment." Consequently, the Court held that the marijuana offense penalty should have been limited to that imposable for violating Article 92, rather than Article 134.

In *Graves,* the accused pleaded guilty to six alleged violations of Article 134 for which the maximum punishment included confinement at hard labor for sixty years whereas the same offenses charged as violations of Article 92 would have limited the maximum confinement to 12 years. The Court vacated the lower court's decision and remanded the case for further consideration in light of the decisions in *Courtney,* supra, and *United States v. Harden,* 24 U.S. C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976). The gist of the *Harden* decision was that the accused's plea of guilty was improvident since it was predicated upon "a substantial misunderstanding" as to the maximum penalty imposable upon acceptance of his plea, 10 years confinement at hard labor as opposed to the 20 years confinement accepted as appropriate by the

---

1. These three cases have since been decided: *Courtney* by decision, 1 M.J. 438 (1976); and *Jackson* and *Graves* by Order (2 July 1976), and (6 August 1976), respectively.

trial participants.[2] Nevertheless, the Court opined that the standard "by which to determine the magnitude of difference in punishment that would warrant vacating a plea of guilty as improvident . . . is elastic and can, therefore, produce different results in seemingly similar cases." Ibid, 51 C.M.R. at page 251, 1 M.J. at page 259.

■ Using this standard as a guideline, we are satisfied that the difference in punishment in the instant case, two years confinement at hard labor instead of five years, is not of such magnitude as to warrant vacating the accused's plea of guilty as improvident. *United States v. Harden,* supra; cf. *United States v. Hood,* 8 U.S.C. M.A. 473, 24 C.M.R. 283 (1957). Further, in view of the accused's undeniable guilt and the lenient sentence imposed, we perceive no possibility of prejudice. See Judge Ferguson's opinion (concurring in the result) in *United States v. Darusin,* 20 U.S.C.M.A. 354, 43 C.M.R. 194 (1971).

We believe there is yet another legal principle that supports our conclusion that the accused's plea in this instance was provident. This principle is discussed in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). There, the petitioner had been charged in 1959 with kidnapping, in violation of 18 U.S.C. § 1201(a), which statute then provided a maximum penalty of death "if the verdict of the jury shall so recommend." At first, Brady had elected to plead not guilty although by pleading guilty and waiving a jury trial, he could have eliminated the possibility of a death penalty. However, upon learning that his codefendant had confessed, intended to plead guilty and would be available to testify against him, Brady changed his plea to guilty. His plea was accepted after the

trial judge twice questioned him as to the voluntariness of his plea.

In 1967, Brady sought relief under 28 U.S.C. § 2255, claiming, inter alia, that his plea of guilty was not voluntary because the provisions of Section 1201(a) had operated to coerce it. He was denied relief in the District Court and the Court of Appeals. The Supreme Court then granted certiorari, "to consider the claim that the Court of Appeals was in error in not reaching a contrary result on the authority of this Court's decision in *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)." [3]

In its affirmance of the lower court's decision in *Brady,* the Supreme Court indicated that while the *Jackson* decision prohibited the imposition of a death penalty under § 1201(a), it "neither fashioned a new standard for judging the validity of guilty pleas nor mandated a new application of the test theretofore fashioned by courts and since reiterated that guilty pleas are valid if both 'voluntary' and 'intelligent.' " [4] The Court then concluded that Brady's plea had been both voluntarily and intelligently made despite the fact he had been advised that "§ 1201(a) empowered the jury to impose the death penalty and that nine years later in *United States v. Jackson,* supra, the Court held that the jury had no such power as long as the judge could impose only a lesser penalty if trial was to the court or there was a plea of guilty." Ibid, 397 U.S. at page 756, 90 S.Ct. at page 1473.

In reaching this conclusion, the Court reasoned:

Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of secur-

2. See also *United States v. Towns,* 22 U.S.C. M.A. 600, 48 C.M.R. 224 (1974), and *United States v. Windham,* 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965), cited in *United States v. Harden,* supra.

3. In *Jackson,* supra, the Supreme Court held that the provisions of Section 1201(a) were valid except for the death penalty provision which "imposes an impermissible burden upon

the exercise of a constitutional right" since it permits "the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilt before a jury."

4. Ibid, 397 U.S. at page 747, 90 S.Ct. at page 1468, citing *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

ing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

The fact that Brady did not anticipate *United States v. Jackson,* supra, does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

Ibid at pages 756–757, 90 S.Ct. at page 1473.

In the instant case, at the time of the accused's trial, the maximum penalty provided for his transgression, wrongful possession of marijuana in violation of Article 134, included confinement at hard labor of five years, as he was correctly advised by the military judge before he entered his plea of guilty. *United States v. Walter,* 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971); Manual for Courts-Martial, 1969 (Rev.), Table of Maximum Punishments, paragraph 127c, page 25–15. None of the parties to the trial could have anticipated that the Court of Military Appeals would later overturn its decision in *United States v. Walter,* supra, and hold that the maximum punishment for Article 134 violations must be limited to that imposable for the commission of "virtually identical conduct" under Article 92. Moreover, there is absolutely no hint of Government misrepresentation or other impermissible conduct in this case. Under these circumstances, we are of the opinion that the decision in *Brady v. United States,* supra, is dispositive of the issue before us.

We find, therefore, that the accused's plea was not improvident. Implicit in this finding is our conclusion that the decisions in *United States v. Graves,* supra, and *United States v. Courtney,* supra, have only prospective application with respect to the providency of guilty pleas entered in the belief that the penalties provided for Article 134 violations were appropriate even though the same misconduct was prohibited under Article 92.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.