UNITED STATES

v.

Staff Sergeant Frederick M. SASPOR-
TAS, Jr., FR 211–30–9572 Headquarters,
3d Tactical Fighter Wing Fifth Air
Force (PACAF).

ACM 21917 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 May 1975.

Decided 23 Sept. 1976.

Appellate Counsel for the Accused: Colo-
nel Robert W. Norris and Major Bruce R.
Houston.

Appellate Counsel for the United States:
Colonel Julius C. Ullerich, Jr. and Major
Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY,
Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

Consonant with his pleas, the accused was
convicted of an attempt to transfer heroin,
five offenses involving wrongful disposition
of heroin and negligent homicide, in viola-
tion of Articles 80 and 134, 10 U.S.C. §§ 880
and 934, Uniform Code of Military Justice.
The approved sentence extends to dishonor-
able discharge, confinement at hard labor
for three years, forfeiture of $172.00 per
month for 36 months and reduction in grade
to airman basic.

In our original, unpublished decision in
this case, dated 16 January 1976, we af-
firmed the findings of guilty and the sen-

tence. On 26 April 1976, the United States Court of Military Appeals vacated our decision and remanded the case to us with instructions to hold further proceedings in abeyance pending that Court's disposition of the relevant issues in *United States v. Courtney*, 1 M.J. 438 (2 July 1976), and *United States v. Jackson* [order] (2 July 1976).[1] In view of the accused's pleas of guilty, it is apparent that the Court's decision in *United States v. Harden*, 24 U.S. C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976), is also pertinent.[2]

■ Had the accused's drug offenses been charged as violations of Article 92, the maximum confinement at hard labor would have been limited to 13 years, rather than the 61 years determined applicable by the military judge. Nevertheless, though this difference in maximum penalties is clearly "substantial," we do not believe the accused's pleas were improvident.

Before trial, the accused entered into a pretrial agreement wherein he agreed to plead guilty to the instant charges in exchange for the convening authority's commitment to approve a sentence not exceeding dishonorable discharge, confinement at hard labor for three years, reduction to the grade of airman basic and forfeiture of one-half pay per month for 36 months. At trial, the defense moved for dismissal of the drug offenses on the ground that the accused had been improperly charged under Article 134, rather than under Article 92. Counsel argued that the Government should not be permitted by such pleading to "exorbitantly" increase the maximum punishment. Following the military judge's denial of this motion, the accused pleaded guilty to all charges and specifications.

■ When an accused is aware of the possibility that the maximum punishment

for offenses of which he intends to plead guilty may be substantially less than perceived by the court, and he pleads guilty notwithstanding this awareness, there is no requirement in law that his pleas be set aside as improvident. *United States v. Frangoules*, 1 M.J. 467 (3 September 1976); *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964). CF. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

*United States v. Frangoules*, supra, involved a situation similar to the instant case except that there the difference in maximum punishment resulted from multiplicity of offenses rather than discretionary pleading. In finding Frangoules' pleas provident, despite the fact that the maximum punishment should have been limited to two years, instead of six, the Court reasoned:

> [I]f the accused is aware of some, or all, of the offenses may be multiplicious and he is still willing to plead guilty "regardless of the ultimate decision" as to the legal maximum, it cannot reasonably be argued that he entered the plea without adequate understanding of the legal limits of his punishment.

Nevertheless, since the trial judge in *Frangoules* had "imposed sentence upon the basis of a significant miscalculation of the legal period of confinement," the Court ordered that the sentence be reassessed.

In the case before us, it is obvious that the accused's decision to plead guilty was not premised upon "the [presumed] legal limits of his punishment." Defense counsel's motion to dismiss clearly manifests his belief that only a lesser penalty would be sanctioned by the appellate courts. Whether he was correct in this belief is immaterial, although recent developments in the law have certainly confirmed the accuracy of his foresightedness. For the purpose of

---

1. In *Courtney* (and *Jackson*), the Court held that the maximum punishment for offenses charged as violations of Article 134 must be limited to that imposable under Article 92 for "virtually identical conduct."

2. In *Harden*, the Court found the accused's plea of guilty improvident where it was predicated upon "a substantial misunderstanding" as to the maximum penalty imposable upon acceptance thereof.

establishing the providency of the accused's pleas, it is only necessary that the record demonstrate, as it does, that he persisted in his pleas of guilty in spite of his disagreement with the military judge as to the maximum penalty.

Moreover, we are of the opinion that reassessment of the sentence is not required in this case although, as indicated, the difference in maximum penalties is substantial. Here, the trial judge did not miscalculate the maximum punishment legally imposable at the time of sentencing, as did the judge in *Frangoules.* When the accused was sentenced, military case law provided:

> [T]he mere existence of a general order or regulation cannot decrease the punishment expressly provided in the Table [of Maximum Punishments, Manual for Courts-Martial, 1969 (Rev.), paragraph 127c] for the same misconduct . . . [A]n order or regulation which merely enjoins conduct already imposed upon the individual by law is substantially an order to obey the law and, as such, has no effect on the "limit [of punishment] of the ultimate offense committed." *United States v. Bratcher,* 18 U.S.C.M.A. 125, 128, 39 C.M.R. 125 (1969); see also *United States v. Renton,* [8 U.S.C.M.A. 697, 25 C.M.R. 201 (1958)], at page 702.

*United States v. Walter,* 20 U.S.C.M.A. 767, 43 C.M.R. 207 (1971). Hence, since the sentence imposed by the military judge was not based upon an error in calculating the maximum punishment *then* provided for the offenses, reassessment is *not* appropriate.

Nevertheless, assuming that the *Frangoules'* decision is not apposite to the instant situation, our recent decision in *United States v. De La Fuente,* 2 M.J. 668 (A.F.C.M.R. 16 September 1976), is dispositive of the providency issue. There we held, citing *Brady v. United States,* supra,

and *United States v. Walter,* supra, "that the decisions in *United States v. Graves,* supra,[3] and *United States v. Courtney,* supra, have only *prospective* application with respect to the providency of guilty pleas entered in the belief that penalties provided for Article 134 violations were appropriate even though the same misconduct was prohibited under Article 92." Accordingly, since this case was tried before *Courtney* was decided, the accused's plea was not improvident. As opined in *Brady v. United States,* supra, by Mr. Justice White who delivered the opinion of the Court:

> We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought *or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.*

At page 757 of 397 U.S., at page 1474 of 90 S.Ct. Emphasis supplied.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.

---

**3.** Decided by Order (6 August 1976). The issue in *Graves* involved the accused's plea of guilty to offenses for which the maximum punishment included confinement at hard

labor for 60 years whereas the same offenses charged as Article 92 violations would have limited the confinement to 12 years.