## UNITED STATES

v.

**Airman Daniel M. STANDLEY, FR 353–52–8463, 49th Field Maintenance Squadron, Twelfth Air Force (TAC).**

**ACM 21897 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 June 1975.

Decided 8 Oct. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of possessing marijuana and absence without leave in violation of Articles 134 and 86, 10 U.S.C. §§ 934, 886, and despite his pleas, of selling lysergic acid diethylamide, in violation of Article 92, Uniform Code of Military Justice. The adjudged sentence extended to a bad conduct discharge, a fine of $3000.00, confinement at hard labor for 11 months and further confinement conditioned upon payment of the fine, but for not more than two years, and reduction to the grade of E–1. The convening authority changed the fine to a forfeiture of $229.00 per month for 11 months and otherwise approved the sentence.[1]

The case was originally submitted to us on the merits and in an unpublished, per curiam decision, dated 25 September 1975, we affirmed. On 6 February 1976, by Order, the Court of Military Appeals vacated our decision and remanded the record of trial with directions to hold further proceedings in abeyance pending disposition of the issues granted in *United States v. Jackson, United States v. Courtney* and *United States v. Graves.*[2]

---

1. The accused has served his sentence and is now on excess leave.

2. These three cases have since been decided: *Courtney* by decision, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), and *Jackson* and *Graves*, by Orders (2 July 1976) and (6 August 1976), respectively. The gist of the decisions in *Courtney* and *Jackson* is that the maximum punishment for drug offenses under Article 134 must be limited to that provided for virtually identical misconduct

proscribed by a general regulation triable under Article 92. *Graves* was returned to the Army Court of Military Review for further consideration in light of the decision in *United States v. Harden*, 1 M.J. 258 (1976), wherein the Court held that the substantial difference, 20 years confinement as opposed to 10 years, between the maximum punishment advice provided by the military judge and the true maximum punishment rendered the accused's guilty plea improvident.

Here, during the providency inquiry,[3] the military judge advised the accused that the maximum sentence imposable for the offenses to which he had pleaded guilty included confinement at hard labor for five years and six months. Both trial and defense counsel indicated their agreement with this potential sentence.

We believe the issue in the instant case is determined by our decision in *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976), wherein we stated:

[W]e are satisfied that the difference in punishment in the instant case, two years confinement at hard labor instead of five years, is not of such magnitude as to warrant vacating the accused's plea of guilty as improvident. *United States v. Harden*, supra; Cf. *United States v. Hood*, 8 U.S.C.M.A. 473, 24 C.M.R. 283 (1957). Further, in view of the accused's undeniable guilt and the lenient sentence imposed, we perceive no possibility of prejudice. See Judge Ferguson's opinion (concurring in the result) in *United States v. Darusin*, 20 U.S.C.M.A. 354, 43 C.M.R. 194 (1971).

See also *United States v. Thomas*, 2 M.J. 263 (A.F.C.M.R. 13 August 1976).

Additionally, as we held in *De La Fuente*, supra, the decision in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) provides further support to our resolution of the improvidency issue presented. There, the Supreme Court held that the fact that a defendant's plea was made in reliance on the penalties applicable under existing law, which was subsequently changed by judicial decision, did not "impugn the truth or reliability of his plea." *Id.* at 757, 90 S.Ct. at 1474; see also *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States v. Bosco*, 2 M.J. 658 (A.F.C.M.R. 27 August 1976) and cases cited therein. The Court stated:

We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed that act with which he is charged simply because it later develops that . . . the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

397 U.S. at 757, 90 S.Ct. at 1474.

Using this language as guidance, since *De La Fuente* had been correctly advised as to the maximum penalty imposable under existing law, *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971); Manual for Courts-Martial, 1969 (Rev.), TABLE OF MAXIMUM PUNISHMENTS, paragraph 127c, we found his plea of guilty provident. Significantly, however, we iterated our conclusion that the decisions in *Graves* and *Courtney*, both supra, have only prospective application with respect to the providency of guilty pleas entered in the belief that the Article 134 maximum punishments were appropriate even though the same misconduct was prohibited under Article 92. *United States v. De La Fuente, supra.*

Here, of course, the accused was sentenced before *Courtney* was decided. Hence, the maximum confinement then provided for the marijuana possession offense was five years, as he was *correctly* advised. *United States v. Walter, supra.* Accordingly, his plea of guilty to this offense was provident.

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.

---

3. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).