**UNITED STATES**

v.

**Sergeant Johnny L. MECK, FR 262–08–4275 374th Field Maintenance Squadron Thirteenth Air Force (PACAF).**

**ACM 22055.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Feb. 1976.

Decided 29 Oct. 1976.

---

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Captain Kenneth L. Davidson.

**309**

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

HERMAN, Judge:

Before a general court-martial composed of members, the accused was convicted of one specification each of sale and possession of heroin, despite his plea of innocence to the sale offense, and pursuant to his guilty plea to the possession, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence consists of a dishonorable discharge, confinement at hard labor for one year, total forfeitures and reduction to airman basic.

Appellate defense counsel have assigned six errors for our consideration. We find those relating to the form of the findings and the post-trial review of the staff judge advocate to be without merit.

Another error assigned is that the military judge erred in instructing the members of the court that the maximum confinement permissible in this case was 20 years under Article 134, rather than four years under Article 92, Code, supra. Trial defense counsel made timely objection to the greater maximum used by the judge but was overruled. Assuming without deciding, that based upon the recent decision in *United States v. Courtney,* 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976), it was error to use the greater maximum confinement, we nevertheless find that there is no fair risk that the accused was prejudiced. The offenses of which the accused has been convicted were manifestly more serious than those involved in *Courtney,* a simple marihuana possession case.

In *United States v. Ojeda,* No. 21833 (f. rev.), (A.F.C.M.R. 6 August 1976), the military judge, with the concurrence of trial and defense counsel, instructed the court members that the maximum punish-

ment authorized under Article 134, Code, supra, was 20 years for two heroin offenses. We found:

> On the authority of *United States v. Courtney*, supra, it was error to instruct the court members that the maximum imposable punishment was 20 years. We nevertheless find there remains no fair risk the accused has been prejudiced as to sentence.

> In the first place, the offenses involved in this case were manifestly more serious and the circumstances more aggravated than the simple possession of marihuana charge which confronted the Court of Military Appeals in *Courtney*. Moreover, the 18-month period of confinement imposed on the accused was less than half that which would have been authorized had the heroin offense penalties been limited to that imposable for violating Article 92, Code, supra. Finally, even if those factors be considered not sufficient of themselves to eliminate any fair risk of prejudice as to sentence, post-trial action has surely done so.

Ojeda served only 10½ months of confinement whereupon the remaining confinement was remitted and he was placed in an excess leave status.

The present case is indistinguishable from *Ojeda*. The accused was restored to duty after serving approximately six months of confinement, and the dishonorable discharge and unserved confinement were suspended for eight months; the remaining forfeitures were remitted. Under these circumstances, any possible prejudice the accused may have suffered as a result of the instruction regarding the greater maximum confinement has been fully dissipated. *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

■ Appellate defense counsel next assert that the accused's plea of guilty was rendered improvident by a misapprehension of the maximum confinement authorized for Specification 3 of the Charge. On the

basis of our recent decision in *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976), citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we find this assignment of error to be without merit.

■ We similarly find to be without merit the averment that the denial of access to drug abuse records of the chief government witness prejudiced the accused. The witness was cross-examined at length on the subject of his involvement in drugs and freely admitted his use of drugs several times a week for a number of months. Considering these elicitations for impeachment purposes and the prohibitions and policies set forth in 21 U.S.C. § 1175 (Confidentiality of Patient Records, Drug Abuse Prevention and Treatment), the military judge did not abuse his discretion in failing to require disclosure of the records requested.

■ Another assignment of error of appellate defense counsel is that the accused was prejudiced by the military judge's requirement, over defense objection, that the accused remain at counsel's table, rather than be permitted to take the witness' chair, during the course of his unsworn statement. Judge Orser of this Court recently discussed this procedure in *United States v. Welch*, 1 M.J. 1201 (A.F.C.M.R. 23 September 1976):

> . . . [I]t is entirely appropriate for the military judge to draw a clear distinction for the court members between such a statement on the one hand, and matters developed by evidence, such as the sworn testimony of a witness, on the other. We believe the most judicious means of accomplishing this purpose is a clear, concise instruction which provides proper guidelines for the consideration of the unsworn statement in relation to the evidence.

Although the military judge did not give the instruction recommended in the *Welch* decision,[1] in view of the sentence adjudged by this court-martial, we do not find the

---

1. Department of the Army Pamphlet No. 27–9, Military Judges' Guide, May 1969, paragraph 8–7.

accused was prejudiced by the procedure in this case. The sentence was in no manner disproportionate to the serious offenses of which the accused was convicted.

█ In their final assignment of error, appellate defense counsel assert that improper closing argument concerned with "deterrence of others," was made by trial counsel. *United States v. Mosely*, supra. In part, the assistant trial counsel argued:

. . . [T]he government contends it's time we got the message out to people in the Air Force and to the people here at Clark Air Base that sale and possession of heroin will not be tolerated by the Air Force. It's time to get that message out strong and hard . . . It is submitted to get this message out a severe sentence is needed.

In the *Mosely* decision, Judge Cook explained the "double aspect" of the deterrence function of the criminal justice system:

One aspect is focused on the individual accused; the other is oriented toward the general public.

.   .   .   .   .

The aspect of deterrence oriented to the general public appears in the maximum punishment prescribed for the offense. That punishment represents the maximum deterrent effect upon the general populace.

.   .   .   .   .

[T]his Court has treated *"general deterrence" as a factor included within the maximum punishment prescribed by law, but not as a separate aggravating circumstance that justifies an increase in punishment beyond what would be a just sentence for the individual accused determined on the basis of the evidence before the court.*

In his exhaustive opinion in *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R. 18 May 1976), pet. denied (6 August 1976), Senior Judge Roberts of this Court found no impropriety in an argument

of trial counsel which not only spoke to general deterrence, but then called for an "individualization" of the sentence to the particular accused. In the present case, we cannot find in the argument of assistant trial counsel similar words which neutralize the improper language above quoted, which is precisely the type condemned by *Mosely*.

However, since the accused has been restored to duty and his sentence generously mitigated, any prejudice he may have suffered as a result of the erroneous argument has been fully dissipated, as explained in the issue first discussed, and reassessment of the sentence is not necessary. *United States v. Mosely*, supra.

For the foregoing reasons, the findings of guilty and the sentence are

AFFIRMED.

ORSER, Judge (concurring in the result):

Though I concur with Judge Herman's conclusion that in the instant circumstances the accused was not prejudiced by the military judge's failure to limit the maximum confinement to that imposable for violating Article 92, Code, supra, I must disassociate myself from his assumption for the sake of discussion that the judge's action constituted error on the basis of *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976). Our recent cases of *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976); *United States v. Wilson*, 2 M.J. 683 (A.F.C.M.R. 15 October 1976); and especially *United States v. Sasportas*, 2 M.J. 676 (A.F.C.M.R. 23 September 1976) (where, as here, trial defense counsel objected to the Article 134 manner of charging), constitute a clear declaration that in cases tried before *Courtney* was decided, calculation of the maximum confinement in terms of Article 134 was not error. These cases stand for the proposition that *Courtney*, and the other cases of the Court of Military Appeals containing related issues, have only prospective application to the matter of guilty pleas

and to the sentencing issue of this case as well. See *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Since in this case, the sentence imposed by the court was based upon the correct calculation of the maximum punishment applicable *at the time of sentence*,* no error requiring sentence reassessment occurred. *United States v. Sasportas*, supra; see *United States v. Frangoules*, 1 M.J. 467 (3 September 1976).

I must also record my disagreement with Judge Herman's conclusion that the sentencing argument of the trial counsel was improper on the basis of *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976). Though concededly the government counsel's quoted comments seem to ask for a sentence that would have a consequential deterrent effect on others, in total context I do not construe his remarks as calling for an increase in punishment beyond what was warranted by the evidence in order to achieve that purpose. *United States v. Mosely*, supra; *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R. 18 May 1976), pet. denied (6 August 1976).

BUEHLER, Senior Judge, not participating.

UNITED STATES

---

* *United States v. Walter*, 20 U.S.C.M.A. 767, 43 C.M.R. 207 (1971).