UNITED STATES, Appellee,

v.

**Private First Class Michael D. BEESLER, SSN 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, United States Army, Appellant.**

**SPCM 19041.**

U.S. Army Court of Military Review.

31 Aug. 1983.

---

Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, and Captain Robert W. Wiechering, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas J. Leclair, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a special court-martial at Fort Polk, Louisiana, of conspiracy to wrongfully introduce and to wrongfully distribute marijuana, wrongful introduction of marijuana onto a military installation with intent to distribute, and wrongful distribution of marijuana, violations of Articles 81 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 934 (1976). Appellant's sentence to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $375.00 pay per month for two months, and reduction to the grade of E–1 was approved by the convening authority.

Appellant contends that the military judge erred in failing to dismiss Specification 1 of Charge II (wrongful introduction of marijuana with intent to distribute) as being multiplicious for finding purposes with Specification 2 of Charge II (wrongful distribution of marijuana). We do not agree.

The stipulated facts indicate that on or about 1415 hours, 27 December 1982, appellant agreed to sell to Private Michael Hatfield four bags of marijuana for $200.00. The transaction was to occur later in the day at an off-post location. Sometime after 1520 hours, appellant and Hatfield went to appellant's off-post residence where appellant's wife was located. Appellant's wife worked with a supplier of marijuana and appellant asked her to take him and Hatfield to the supplier's house. Appellant, his wife, and Hatfield went to the supplier's house where appellant spoke with the supplier and paid him $200.00 for some marijuana. Since the marijuana was not immediately available, appellant and his wife agreed that she would take appellant and Hatfield back to Fort Polk, then return to the supplier's house to obtain the marijuana. Appellant and his wife also agreed that after she received the marijuana from the supplier, she would bring it onto Fort Polk for the purpose of distributing it to Hatfield. Pursuant to the agreement with her husband, appellant's wife obtained the marijuana later that day, returned to Fort Polk at about 1920 hours, and gave the marijuana to an undercover military police investigator who was with Hatfield. Appellant acknowledged in the stipulation that he knowingly arranged and encouraged his wife to wrongfully introduce and distribute marijuana on 27 December 1982.

The military judge stated that he would consider Specifications 1 and 2 as being multiplicious for sentencing purposes. The convening authority was advised that although these two offenses were not multiplicious for charging purposes, they were multiplicious for purposes of punishment.

Manual for Courts-Martial, United States, 1969 (Revised edition), Change 7, paragraph 213*g* (1983), reflects that each of these offenses contains different elements and each requires proof of facts not necessary to prove the other. Moreover, neither offense is a lesser included offense of the other. *See generally United States v. Hendrickson,* 16 M.J. 62 (C.M.A.1983); *United States v. Doss,* 15 M.J. 409 (C.M.A.1983); *United States v. Baker,* 14 M.J. 361 (C.M.A. 1983). Therefore, neither wrongful introduction of marijuana with the intent to distribute or the subsequent wrongful distribution of that same marijuana is multiplicious for findings purpose.*

The findings of guilty and the sentence are affirmed.

Judge COHEN concurs.

Senior Judge WOLD concurs in the result:

---

\* An analogous situation respecting multiplicity arises when an accused is charged with housebreaking with the intent to commit larceny therein and larceny, violations of Articles 130 and 121, UCMJ, 10 U.S.C. §§ 930 and 921 (1976). These are separate and distinct offenses. *See United States v. Weaver,* 18 U.S.C. M.A. 173, 39 C.M.R. 173 (1969). In this regard, the offenses involved in the instant case may also be separate for purposes of punishment.