UNITED STATES, Appellee

v

WESLEY E. KILLGORE, Private First Class, U. S. Army, Appellant

8 USCMA 633, 25 CMR 137

No. 10,069

Decided January 31, 1958

*First Lieutenant Gerald G. Barton* argued the cause for Appellant,

Accused. With him on the brief were *Colonel Edward M. O'Connell* and *First Lieutenant Stephen D. Potts.*

*Major Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The issue presented in this case concerns the accused's understanding of the effect his negotiated plea would have on the sentence to be approved by the convening authority. Charged with the larceny of $70.00 from a barrack mate and facing trial by general court-martial, the accused offered to plead guilty if the convening authority would disapprove any portion of the sentence in excess of dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The accused's offer was accepted, and a plea of guilty was duly entered at trial. The court-martial, after hearing matter in extenuation and mitigation, sentenced the accused to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The findings and sentence were approved by the convening authority and subsequently affirmed by a board of review.

Before this Court on petition for grant of review and for the first time in the proceedings, the accused claimed that his defense counsel had misinformed him of the nature of the agreement. In a supporting affidavit he contends that counsel had led him to believe that if the sentence imposed by the court-martial extended to confinement at hard labor for five years, the convening authority would reduce it to three years, and in the event the court sentenced him to three years' confinement, it would be reduced to two years, and if a two-year sentence were adjudged, it would be reduced to one year. As a result of this sliding scale conception, the accused now urges that any sentence in excess of dishonorable discharge, total forfeitures, and confinement at hard labor for two years is legally excessive.

Appellant defense counsel, in an effort to ascertain the validity of the accused's allegation and to familiarize himself with all its aspects, obtained additional appellate exhibits which he has—with commendable frankness—submitted to this Court for consideration. Among these exhibits is an affidavit by the trial defense counsel which disputes the assertions made by the accused. In addition, there was submitted a true copy of the agreement entered into by the accused which recites that he had been fully advised by defense counsel of his right to plead not guilty and to place upon the Government the burden of establishing his guilt of the offense charged beyond a reasonable doubt. This agreement further states that he "voluntarily offer[s] to plead guilty to said charge(s) in return for an agreement that any portion of the sentence imposed . . . in excess of dishonorable discharge, total forfeitures and confinement at hard labor for *3 years* will be disapproved by the convening authority." This agreement bears the accused's signature.

From these circumstances we believe the accused has failed to make out a *prima facie* case entitling him to the relief set forth in United States v Allen, 8 USCMA 504, 25 CMR 8. He does not contend that he was denied the opportunity to read the agreement or that the signature was not his own. Instead, he asserts in his affidavit that he had "read only a portion of the paper, the top part." Furthermore, he does not claim, nor is there the slightest indication of fraud or bad faith on the part of his counsel. Unlike United States v Allen, supra, the defense counsel here, although permitting the accused to plead guilty, argued to the court-martial in the presentencing phase of the proceedings to "temper any sentence . . . [it] may give him with compassion and justice." Neither do we find in this case the "honest mistake inducing his judicial

confession" which we found in United State v Hamill, 8 USCMA 464, 24 CMR 274. A careful reading of the entire record convinces us that the accused is not entitled to the relief sought. United States v Friborg, 8 USCMA 515, 25 CMR 19.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.