UNITED STATES, Appellee

v

WILLIAM H. LEMIEUX, Private E–2, U. S. Army, Appellant

10 USCMA 10, 27 CMR 84

No. 11,560

Decided November 7, 1958

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused. With him on the brief was *First Lieutenant Gerald G. Barton.*

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Major Thomas J. Nichols,* and *First Lieutenant Thomas M. Lofton.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused stands convicted of making a false claim against the United States to initiate a Class Q Allotment for a woman allegedly his wife (Charge I, specification 1), of presenting a false claim as set out in specification 1 (Charge I, specification 2), both in violation of Article 132 of the Uniform Code of Military Justice, 10 USC § 932; of signing a false official document, to wit: a Dependency Certificate (Charge III, specification 2), of signing an official document, to wit: a Class Q Allotment (Charge III, specification 3), in violation of Article 107, Uniform Code, supra, 10 USC § 907; and of being absent without proper authority (Additional Charge), in violation of Article 86, Code, supra, 10 USC § 886.

We granted accused's petition for review to resolve two issues:

1. Whether the appellant's plea of guilty to Charge I and specifications 2 and 3 of Charge III was improvident, and

2. Whether the specifications of Charge I are multiplicious.

The charges and specifications alleged that the claims made by the accused, which resulted in monetary gains to the woman with whom he was cohabiting, were false and fraudulent in that such woman was not his lawful wife. At trial, the accused admitted that such facts were correctly alleged by pleading guilty to all Charges and specifications. In view of his plea, the Government did not deem it necessary to present other evidence of his guilt. No matters were presented in extenuation and mitigation.

In his post-trial review the staff judge advocate quoted the accused as saying:

". . . The accused states he lived as man and wife for several years with the woman who received the allotment checks, subject of the present charges, but that he has never been married."

At a subsequent point in his review, the staff judge advocate quoted the accused to the following effect:

". . . The accused states he had been told that living with a woman for two years established a 'common law marriage' although he admits he did not attempt to verify this information."

**11**

## The first issue.

We commence our consideration of the first question presented by noting that it is incumbent upon ▮▮▮ defense counsel to cover all possible avenues of defense before allowing his client to plead guilty and to raise all feasible defenses. If the accused's contention is now correct that he was married to the woman who received the allotments in question at the time and this situation was disclosed to his attorney, it would appear the trial defense counsel was remiss in his duty. Under these circumstances, he would have been guilty of having allowed a guilty plea to be entered in his presence, apparently without investigating the possibility of raising what might well have been accused's valid common-law marriage as a defense.

The accused's statements to the staff judge advocate, relating none of the necessary elements of a ▮▮▮ common-law marriage, were insufficient to raise that issue.

". . . An indispensable requisite of a common-law marriage is a mutual agreement presently to become man and wife between persons qualified under the law to make such a compact and it must contemplate a permanent marital relationship to the exclusion of all others." [Bowman v Bowman, 163 Neb 336, 79 NW 2d 554.]

Accord: Jordan v Jordan, 89 So 2d 22 (1956) (Fla); 35 Am Jur, Marriage, § 28.

Had the facts which the accused disclosed to the staff judge advocate properly disclosed the elements of a common-law marriage, we would have no hesitancy in holding accused's guilty plea to be improvident. However, under the present facts, we are foreclosed from so doing.

In its brief the Government argues that a question of improvidence may not properly be considered ▮▮▮ unless some matter inconsistent with a plea of guilty appears prior to the termination of the trial. We do not agree. In our opinion, the staff judge advocate's post-trial review may be utilized for this purpose. See United States v Hood, 8 USCMA 473, 24 CMR 283.

We find that the accused's plea of guilty to Charge I and specifications 2 and 3 of Charge III was not improvident.

## The second issue.

Turning to the second issue, we note the Government concedes multiplicity upon the authority of ▮▮▮ United States v Rosen, 9 USCMA 175, 25 CMR 437. We find the Government's concession to be proper and we accept it.

We hold that the specifications of Charge I are multiplicious.

The record of trial is returned to The Judge Advocate General of the Army for resubmission to the board of review for reassessment of the sentence.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I do not concur outright for the reason that I prefer not to join in announcing what the Court would do under different facts and circumstances. Moreover, I elect to reserve my ruling on the use of unsworn and self-serving statements of an accused to undercut his plea of guilty merely because they are recorded in a staff judge advocate's review. It is sufficient for my purpose in the case at bar to say there is nothing disclosed in this entire record which remotely suggests this plea was improvident.