UNITED STATES, Appellee

v

PAUL W. HARDY, Master Sergeant, U. S. Army, Appellant

12 USCMA 513, 31 CMR 99

No. 13,625

November 17, 1961

*Lieutenant Colonel Ralph Herrod* argued the cause for Appellant, Accused. With him on the brief were *Sheldon Cohen, Esquire, Captain Richard A. Baenen,* and *First Lieutenant Robert D. Stiles.*

*Captain William A. Zeigler* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *Major Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

Earlier, we remanded the record of trial to the board of review for further inquiry into the accused's contention that he was deprived of an impartial post-trial review. United States v Hardy, 11 USCMA 521, 29 CMR 337. It appears that after our remand the Government and the accused agreed to take testimony by deposition from certain necessary witnesses. However, that procedure was not followed. Instead the board of review obtained an unsworn statement from the staff judge advocate, now retired, in which he said, in part, that he would "invoke all . . . appropriate constitutional, statutory or common law immunities" and refuse to answer any questions under oath touching upon his preparation of the review; but, as a "simple unsworn affirmation," he represented that he "handled [the review] in exactly the same manner as reviews of similar cases" and the review itself was "independent and impartial." An affi-

davit from the assistant staff judge advocate who participated in the preparation of the review was also obtained. The board of review indicated this affidavit did not fully "counter the claim of bias on his part" but it believed that it did not "so poison the post-trial review" as to require a new review.

Appellate defense counsel challenge the nature and sufficiency of the inquiry conducted by the board of review. They maintain the board of review obtained the letter and the affidavit by means of a "sub rosa proceeding" and they had no opportunity to question the witnesses.

We need not make an extended examination of the propriety of the proceedings by the board of review. See United States v Hurt, 9 USCMA 735, 751, 27 CMR 3. In our opinion, the board of review erred in consideration of the issue before it. According to its opinion, the board of review believed it was "not faced with an issue of fact to be resolved by possible further inquiry," because the accused did not submit additional evidence contradicting the averments of the affidavit and the letter, although a copy of each had been turned over to appellate defense counsel by the board of review and counsel had had a reasonable time and the opportunity to furnish such evidence. However, a factual issue did exist. We pointed out in the original hearing that:

". . . the accused has presented more than a naked charge of unfairness. He has named a particular individual as the draftsman of the post-trial review and has presented evidence which indicates the draftsman was actively connected with the prosecution of the case and the post-trial review."

Considering all the circumstances, it will, in our opinion, better serve the interests of justice at this time to accord the accused a new post-trial review. The decision of the board of review and action of the convening authority, therefore, are set aside. The record of trial is returned to The Judge Advocate General of the Army for submission to a competent authority for further proceedings under Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861, 864.

Judge FERGUSON concurs.

Judge KILDAY did not participate in the decision in this case.