UNITED STATES, Appellee

v

JOSEPH D. HENN, Master Sergeant, U. S. Marine Corps, Appellant

13 USCMA 124, 32 CMR 124

No. 15,626

May 18, 1962

Lieutenant Colonel M. G. Truesdale, USMC, argued the cause for Appellant, Accused. With him on the brief was Lieutenant Commander Leo F. O'Brien, USN.

Commander Benjamin H. Berry, USN, argued the cause for Appellee, United States. With him on the brief was Captain James W. Grant, USN.

Opinion of the Court

FERGUSON, Judge:

Arraigned before a special court-martial upon duplicate charges of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and uttering worthless checks, in violation of Code, supra, Article 134, 10 USC § 934, accused pleaded guilty and persisted in such pleas after a pro forma explanation of their meaning and effect. At all times since his trial, accused has continually insisted that he was innocent and that his pleas were entered upon the mistaken advice of his nonlawyer defense counsel. Following affirmance of the findings—with a substantial reduction in the sentence —by intermediate appellate authorities, we granted accused's petition on a number of issues revolving around the providence of his pleas and the adequacy of his representation at the trial level.

Accused's claims were initially pre-

sented in correspondence with appellate defense counsel. Subsequently, affidavits from accused and the trial defense counsel were filed with the board of review. Based upon the material presented, the board ordered an investigation. Therein, additional information was developed, and accused adopted the matters set forth in his original correspondence as a part of his testimony.

Our review of the information upon which the board of review acted in rejecting accused's contention discloses that accused never admitted his guilt to his own counsel before trial, and repeatedly asserted that he honestly believed the checks would be paid when presented. He agreed to plead guilty only when he was informed that the Government had a strong case against him. Counsel's affidavit and testimony, as well as that of other witnesses, lead us to conclude that he based his advice to the accused upon an erroneous belief that the checks involved were written on a closed account and that certain legally irrelevant matters might be used to establish the existence on his part of an intent to steal. Cf. United States v Huff, 11 USCMA 397, 29 CMR 213. Moreover, circumstances developed in the investigation tend to corroborate accused's unvarying claim that he uttered the instruments, believing they would be paid on presentment. In short, giving credence to all relevant information presented to the board, it appears that accused's contention of improvidence is well supported. Without speculating, therefore, concerning areas of interest which were not developed in the investigation, we believe that the remedy appropriate to the situation before us is to order a rehearing. Cf. United States v Hardy, 12 USCMA 513, 31 CMR 99.

The findings of guilty are set aside, and the decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.