UNITED STATES, Appellee

v

HENRY WILLIAMS, JR., Private, U. S. Marine Corps, Appellant

15 USCMA 65, 35 CMR 37

*Lieutenant Colonel John R. DeBarr*, USMC, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Charles B. Sevier*, USMC, and *Lieutenant William H. M. Morton*, USNR.

*Major J. M. Detrio*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Captain James A. Potter*, USN.

## Opinion of the Court

PER CURIAM:

Among other offenses, the accused pleaded guilty before a special court-martial at Camp Sukiran, Okinawa, to a charge of larceny of two suits. This finding was subsequently reduced to wrongful appropriation by a Navy board of review and it is the basis upon which the board acted that occupies our attention herein.

In his appeal before the board, appellate defense counsel submitted two unsworn letters, one by defense counsel and one by the accused, in support of his assignment that the accused's plea of guilty to the charge of larceny was improvidently entered. He urged the board to consider the correspondence in lieu of more formal affidavits in the interest of speedy disposition of the case.

The board of review expressly held that the letters were not properly before it, and declined to consider them in connection with the claim of improvident plea. However, the board decided "for the purpose of this review" to give "full credence and effect to the letters with regard to the question of adequacy of representation by counsel." The board concluded that the nonlawyer counsel may have misadvised accused as to the larceny charge, but was competent as to all other offenses. Thus, as previously noted, it reduced the larceny finding to wrongful appropriation, as urged by appellate defense counsel.

The Government contends the letters are not fit matter for consideration by this Court, as they are outside the record. Cf. United States v Killgore, 8 USCMA 633, 25 CMR 137; United States v Henn, 13 USCMA 124, 32 CMR 124. We need not reach that argument, for the fact is that the board of review did consider the letters, although not for the purpose urged by counsel.

In United States v Henn, supra, the appellant initially presented his claim of improvidence of plea in correspondence with appellate defense counsel. Subsequently, affidavits from accused and trial defense counsel were filed with the board of review. Based upon the material presented, the board ordered an investigation. We believe this case to be sufficiently similar to *Henn* to warrant the same action by the board.

Accordingly, the decision of the board of review as to the issue of wrongful appropriation is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board shall reconsider its action in light of this opinion.