UNITED STATES, Appellee

v

HAROLD D. HOLLADAY, Specialist Four,
U. S. Army, Appellant

16 USCMA 373, 36 CMR 529

No. 19,318

September 2, 1966

*Captain John C. Holzer* argued the cause for Appellant, Accused. With
him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Jacob
Hagopian,* and *Lieutenant Colonel Martin S. Drucker.*

*Captain Stephen G. Weiss* argued the cause for Appellee, United States.
With him on the brief were *Lieutenant Colonel Francis M. Cooper, Major
John F. Webb, Jr.,* and *Captain Anthony L. Tersigni.*

## Opinion of the Court

KILDAY, Judge:

Arraigned before a general court-martial at Fort Riley, Kansas, upon a charge of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 825, accused pleaded guilty, hence, was found guilty as charged. Sentence imposed consisted of a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. Subsequent approval by the convening authority and affirmance by a board of review were made without change to either the findings or sentence.

Having come before us under the aegis of Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867, Specialist Holladay's petition for review was favorably received. The three specific issues granted by this Court have since been briefed and argued by counsel for the contesting parties. This opinion, however, covers but one. In our view the facts and circumstances of this case require that we declare petitioner's plea of guilty to have been improvidently entered. Error in this fundamental and sensitive area requires that we reverse the findings and sentence. United States v Bernacki, 13 USCMA 641, 33 CMR 173; United States v Thomas, 14 USCMA 223, 34 CMR 3; United States v Gossett, 14 USCMA 305, 34 CMR 85. Discussion of the

**373**

remaining issues is needless for the action that we here take, in effect, renders them moot.

Prior to arraignment and at the request of defense counsel, an out-of-court hearing was held to test the worth of the guilty plea. Following rather prolonged questioning of the accused by the law officer as to the extent of his intoxication at the pertinent time, the plea of guilty was accepted.

During the questioning, the law officer determined that the accused had absolutely no recollection of the charged offense or of the events surrounding it; that he had never participated in any act of sodomy and was not inclined that way; and that all the accused knew about it was what he heard at the Article 32 hearing.

Examination of the record reflects that accused has twice since professed innocence to the offense charged. The staff judge advocate's review contains the assertion that during an interview between this officer and the accused, the latter made such a declaration buttressed by his belief that he could have been framed. That we utilize such material in attempting a solution to this problem is unquestioned for Judge Ferguson—with Chief Judge Quinn's concurrence—removed any doubt thereof in United States v Lemieux, 10 USCMA 10, 27 CMR 84. See also United States v Richardson, 15 USCMA 400, 35 CMR 372.

Even more positive are the appellant's personal letters to the convening authority which accompany this record of trial. Asking for return to duty status, Specialist Holladay advised his superior he had signed a pretrial agreement that was untrue. He did so on the advice of counsel who believed he would be returned to duty. Cf. United States v Henn, 13 USCMA 124, 32 CMR 124; United States v Williams, 15 USCMA 65, 35 CMR 37.

In sum, we can but conclude that Specialist Holladay has rejected guilt

through the entire investigative, trial, and review processes of this case, the single exception being the pretrial agreement which has since been totally disavowed. Even this was founded not upon a recognition of his own guilt but upon proffered prosecution evidence. To affirm this sentence under these facts risks the possibility of a miscarriage of justice rendered by a finding of guilty founded upon a now rejected plea. United States v Henn, supra.

Accordingly, the findings and sentence are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

The accused's contention as to the improvidence of his plea is nothing more than a claim that he has no independent recollection of the commission of the offense. In United States v Olvera, 4 USCMA 134, 15 CMR 134, we held that amnesia, whatever its cause, is not an excuse for the commission of a crime. There were three eyewitnesses to this offense. Before trial, the accused knew the substance of their proposed testimony, and he knew what evidence was available in his defense. He chose to plead guilty. Previous to trial, and at the time of his plea, he had the advice of experienced civilian counsel. Plainly, his plea was informed and voluntary; and it is wholly consistent with the mass of evidence against him. In my opinion, therefore, there is no valid basis upon which to set it aside. United States v Hinton, 8 USCMA 39, 23 CMR 263.

As to the accused's contention he was ineffectively represented by his civilian counsel in connection with the sentence, I agree with the board of review that the allegation is not supported by the record of trial, and is contradicted by appellate affidavits submitted by the law officer and counsel. I would, therefore, affirm the decision of the board of review.