UNITED STATES

v.

Sergeant First Class (E–7) Barry W. STOUFFER, 253–72–2568, US Army, 556th Medical Company (Ambulance), Fort Dix, New Jersey.

CM 433040.

U. S. Army Court of Military Review.

Sentence Adjudged 11 Feb. 1975.

Decided 8 June 1976.

Appellate Counsel for the Accused: CPT Johnny D. Mixon, JAGC; CPT Joseph M. Burton, JAGC; CPT Ronald L. Gallant, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate Counsel for the United States: CPT Richard A. Kirby, JAGC; CPT Richard S. Kleager, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

BAILEY, Senior Judge:

The appellant was tried by general court-martial, with members, for two specifications of larceny (Charge I) and two specifications of receiving stolen property (Charge II), in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934, respectively. Consistent with his pleas, the appellant was acquitted of Charge I and its specifications, and was found guilty of Charge II and its specifications. He was sentenced to be reprimanded in writing and to forfeit $250.00 pay per month for six months. The convening authority approved the sentence. This case has been forwarded to this Court for review under the provisions of Article 69, Code, supra, 10 U.S.C. § 869.

Of the errors assigned by appellate defense counsel, only the following requires discussion:

## I

THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY FAILING TO INQUIRE INTO AND RESOLVE MATTERS INCONSISTENT WITH HIS PLEA OF GUILTY.

At the outset, it is important to note that the transcript of the trial proceedings in the instant case is nonverbatim. As a result, in pertinent part, the record simply states that the military judge explained the meaning and effect of a plea of guilty, and that the accused was questioned about each and every element of the offense[s] as required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). As depicted in the record, this was followed by an announcement by the military judge that he found the plea of guilty to be voluntary and made with full knowledge of its meaning and effect. He, therefore, found the plea to be provident and accepted it. The information elicited from the appellant by the military judge during the providency inquiry was not set forth in the record of trial. On the record thus made we cannot make an informed determination as to the adequacy of the military judge's inquiry. However, there is a long line of cases which sanction going to the Article 32 (*United States v. McKee*, 42 C.M.R. 797 (A.C.M.R.1970)); the post-trial review (*United States v. Hood*, 8 U.S.C.M.A. 473, 24 C.M.R. 283 (1957)); post-trial affidavits or letters (*United States v. Henn*, 13 U.S.C.M.A. 124, 32 C.M.R. 124 (1962)), even where the record itself may show no improvidency. *See* Judge Clause's concurring opinion in *United States v. Johnson*, 49 C.M.R. 467 (A.C.M.R.1974), affirmed 23 U.S.C.M.A. 416, 50 C.M.R. 320, 1 M.J. 36 (1975).

Pertinent here, examination of the Article 32 Investigating Officer's Report, in substance, discloses that, Agent Allan D. Roscoe of the Air Force, in the course of investigating thefts of Army and Air Force Exchange property from a warehouse at McGuire Air Force Base, obtained a written confession from Airman Harry J. Lutz. Lutz indicated that the stolen property had been given to the appellant. He also stated that the appellant had expressed an interest in getting color TV sets. According to Roscoe, after consulting with their legal adviser, a plan was formulated, whereby Lutz would obtain a color TV set, inform the appellant of its availability, and arrange for the set to be picked up by the appellant at a designated place in the warehouse area. The plan was to be carried out under the surveillance of Agent Roscoe and Army investigators, which included a Sergeant Rhodes and Special Agents Sneed and Holler. As instructed, Lutz informed the appellant by telephone that a color TV set was available (the one involved in Specification 2 of Charges I and II) and where it could be picked up. Thereafter, Agent Roscoe, from his lookout point observed the appellant as he drove his car to the designated location and as he obtained and placed the TV set in the trunk of his car. The appellant's car was followed by members of the surveillance team as it was driven back to Fort Dix and ultimately to his living quarters area. At that point the appellant was apprehended by Agent Rhodes and the TV set was recovered from the trunk of his car.

■ The gravamen of the offense of receiving stolen property is the commission of the act alleged knowing the property has been stolen. Thus an essential element of the offense of receiving stolen property is that the property received must have been stolen. Paragraph 213*f*(14), Manual for Courts-Martial, United States, 1969 (Revised edition). A previous theft of the property, with all the elements of that offense, must affirmatively appear, and if it does not, as where the original taking from the owner was without felonious intent or was not against his will or consent, the receiver is not guilty of receiving stolen property. It has been held to be a defense to a charge of receiving stolen property that the property was offered to the accused with the consent of the owner for the purpose of entrapment. *People v. Jaffe*, 185 N.Y. 497, 78 N.E. 169 (1906). *See* 66 Am.Jur.2d, Receiving Stolen Property § 7 and Annotation: 18 A.L.R. 146.

In the instant case, the sequence of events, which led to the appellant's apprehension, as developed in the course of the Article 32 investigation, persuasively indicate that the television set involved in Specification 2 of Charge II was not, in fact, stolen. Rather, it was obtained and used for the purpose of ensnaring the appellant. The fact that there was no felonious taking of the property involved, an essential element of the charged offense, gives rise to considerable doubt as to the providency of the appellant's plea of guilty to the receipt of stolen property offense. Doubt as to the providency of the appellant's plea of guilty being apparent, further inquiry, ordinarily, would be required. *United States v. Williams*, 15 U.S.C.M.A. 65, 35 C.M.R. 37 (1964); *United States v. Henn, supra.* In light of this determination, the error assigned by appellate defense counsel, which asserts that the military judge erred by failing to inquire into and resolve matters inconsistent with the guilty plea, need not long detain us.

Further examination of the record of trial discloses that Airman Lutz, Sergeant Rhodes and Agents Sneed and Roscoe appeared as prosecution witnesses and gave sworn testimony on the merits of the case. Apparently, in light of the fact that the appellant was acquitted of Charge I and its specifications, a summary of the evidence adduced by the prosecution is not included in the record. However, after the Government had rested its case, the defense made several significant motions. The defense first moved to withdraw the appellant's plea of guilty to Specification 2 of Charge II (the receipt of stolen property offense). As depicted in the record, this motion was asserted "on the ground that during the testimony it was brought out that the NCOIC of the warehouse knew that the TV mentioned in the specification was being taken and for that reason it was not stolen. . . ." The motion was denied by the military judge. A defense motion to dismiss Specification 2 of Charges I and II on the same grounds was also denied by the military judge. In an additional motion for findings of not guilty, as it related to Specification 2 of Charge II, the defense asserted that "there was no showing that this television was stolen since it was authorized to be used in the manner it was. . . . ." This motion was denied by the military judge.

In addition to the foregoing, examination of the record reveals that an out-of-court hearing was conducted just prior to presentation of the defense case. At this hearing, as depicted in the record, the military judge stated that upon reviewing the law on the motion made by the defense to withdraw their guilty plea as to Specification 2 of Charge II he adhered to his previous ruling. The record of trial is otherwise barren of any comment or other action by the military judge regarding the guilty plea.

■ Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, provides that if an accused, after a plea of guilty is entered, "sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." It is well established that where inconsistent matter is set up, the military judge has the duty to inquire into the circumstances and, if the accused persists in his statements, reject the plea. *United States v. Thompson*, 21 U.S.C.M.A. 526, 45 C.M.R. 300 (1972); *United States v. Dunbar*, 20 U.S.C.M.A. 478, 43 C.M.R. 318 (1971); *United States v. Calpito*, 18 U.S.C.M.A. 450, 40 C.M.R. 162 (1969); *United States v. Vance*, 17 U.S.C.M.A. 444, 38 C.M.R. 242 (1968); *United States v. Chancelor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966); *United States v. Thomas*, 14 U.S.C.M.A. 223, 34 C.M.R. 3 (1963).

Here, although the evidence adduced by the prosecution is not included in the record, it is important to note that its witnesses (Lutz, Rhodes, Roscoe and Sneed) were the same individuals, as shown in the Article 32 Investigating Officer's Report, who were involved in the plan which led to the appellant's apprehension. This fact, when considered in conjunction with the principal reason given for the motions asserted by

the defense, would accommodate an inference that the respective witnesses' testimony at trial was consistent with that given at the Article 32 investigation. The reason given by the defense motion to dismiss: "there was no showing that this television was stolen since it was authorized to be used in the manner it was," persuasively indicates that the circumstances attending the obtaining and use of the television were established at trial. Absent a showing that the property was in fact stolen, the military judge was obligated to further inquire into the matter and if unable to resolve the inconsistency reject the plea of guilty. His failure to do so renders the appellant's plea of guilty to Specification 2 of Charge II improvident. A rehearing would ordinarily be required. However, in light of the time which has elapsed since the trial, we believe the interests of the appellant and the Government would best be served by modifying the findings and reassessing the sentence.

Accordingly, the finding of guilty of Specification 2 of Charge II is set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a written reprimand and forfeiture of $250.00 pay per month for three months.

Judge COOK concurs.

Judge DeFORD not participating.