UNITED STATES, Appellee,

v.

Private First Class Walter E. DEADMON,
SSN 409–82–2740, United States
Army, Appellant.

CM 433785.

U. S. Army Court of Military Review.

20 July 1977.

Richard J. Goddard, Esquire, Lieutenant Colonel John R. Thornock, JAGC, and Captain Larry D. Anderson, JAGC, were on the pleadings for appellant.

Major Steven M. Werner, JAGC, and Captain Gary F. Thorne, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT ON FURTHER REVIEW

PER CURIAM:

This case is before this Court upon remand from the United States Court of Mili-

tary Appeals. The appellant was convicted in accordance with his pleas of guilty of possessing and selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

In our prior review of the case, we affirmed the findings and sentence. Subsequently, the appellant for the first time raised by affidavits filed with his petition for review to the Court of Military Appeals, the issues of adequacy of his trial defense counsel and the voluntariness of his pleas. The Government in rebuttal filed affidavits from the counsel involved and from an investigator in their firm.

The Court of Military Appeals vacated the prior decision of this Court and remanded the case for consideration of:

> Whether, since appellant's civilian defense counsel did not investigate the charges against appellant and exerted impermissible pressure on the appellant to plead guilty, appellant did not receive adequate assistance of counsel, his plea of guilty was not the result of his own voluntary, conscious, and intelligent actions, and his pleas were, therefore, improvident.

The appellant contends that we may not decide this case on the record as supplemented by the affidavits but must direct either a rehearing or a limited evidentiary hearing. He cites the recent case of *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), to support his position.

We agree with appellant that *Blackledge v. Allison, supra,* offers the framework for deciding this case but we reach an opposite result from appellant in applying those rules to the specifics of this case.

The Supreme Court recognized that guilty pleas and pretrial agreements are important parts of the criminal justice system of this country, with benefits accruing to the defendant, the prosecution and to the public.* These benefits, the Court stated,

---

* "The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of

a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and

would be lost unless guilty pleas were accorded a large measure of finality. Such finality, however, does not amount to a *per se* rule in which an accused can never attack his guilty plea. Appellant may attack the conviction but he faces a "formidable barrier" in the representations made by himself, his lawyer, and the prosecutor, and in any findings made by the judge. *Blackledge v. Allison, supra,* 431 U.S. at 74, 97 S.Ct. at 1629, 52 L.Ed. at 147.

Drawing on its prior decisions in *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), and *Pennsylvania ex rel. Herman v. Claudy,* 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956), the Court offered guidance to appellate courts in reviewing attacks upon a guilty plea. The allegations must be factually specific and not vague or conclusory. They must also be credible and not frivolous or false when viewed against the record. If the allegations do not meet those tests they may be summarily dismissed. *Blackledge v. Allison, supra,* 431 U.S. at 75, 97 S.Ct. at 1630, 52 L.Ed.2d at 148. The Court also provided that a district court in making its determination as to whether a full evidentiary hearing was appropriate, could use its various discovery powers to gather sufficient facts. We believe this Court, too, may use its discovery procedures to determine whether a limited evidentiary hearing or full rehearing is necessary.

In applying the guidance from *Blackledge v. Allison, supra,* to this case, we start first with the guilty plea inquiry. The military judge conducted an extensive inquiry, speaking personally with the appellant. It was recorded verbatim. The representations made by appellant and by counsel "carry a strong presumption of verity" and "constitute a formidable barrier in [this] subsequent collateral proceeding. . . ." *Blackledge v. Allison, supra,* 431 U.S. at 74, 97 S.Ct. at 1629, 52 L.Ed.2d at 147.

The appellant contends that his counsel failed to investigate the case, refused to accept his profession of innocence and statement that he could prove it, refused to call witnesses in his behalf, forced him to plead guilty, coached him and forced him to lie at the guilty plea inquiry and promised him a lighter sentence than was actually imposed. There are other allegations of misconduct on the part of counsel which we will not include here. Both civilian counsel and an investigator from their firm have furnished rebuttal affidavits. Theirs are both general denials and specific refutations of every allegation. The record supports them overwhelmingly.

To appellant's assertion that his counsel refused to investigate the case, or to call witnesses in his behalf at the Article 32, UCMJ, investigation, the counsel replies that he spoke to and called the witnesses appellant said would help the case. The record of the investigation confirms this as well as counsel's conclusion that their testimony did not help their case. In fact appellant's own witnesses placed him at the scene, a fact which appellant denied. The two government witnesses, the informant and the CID agent, also placed him there.

On another point, the verbatim record is devoid of any indication that counsel was coaching appellant during the guilty plea inquiry. To the contrary, appellant's recitation of the facts contained information not included in the stipulation, information that would be known only by someone who was a participant in the drug transaction.

Finally, appellant's lengthy unsworn testimony in extenuation and mitigation in which he said he was sorry for what he had done, said he couldn't justify his actions, and asked for a second chance, is inconsistent with his current profession of innocence and his allegations of a coerced plea. Counsel's assessment of the merits of appellant's

a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings." *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136, 145 (1977).

case appears to be absolutely correct and a pretrial agreement the best course of action.

We find appellant's allegations incredible, unsupported, frivolous and false. On the basis of the affidavits and the record, there is no genuine factual issue to be resolved by an evidentiary hearing. Accordingly, the findings and sentence are affirmed.