UNITED STATES, Appellee,

v.

Specialist Four (E–4) Allen J. SCOTT,
SSN 261–23–2901, United States
Army, Appellant.

CM 436485.

U. S. Army Court of Military Review.

27 Oct. 1978.

Captain Paul T. Allen, Jr., JAGC, argued the cause for the appellant. With him on the brief were Major Benjamin A. Sims, JAGC, and Captain John E. Caulking, JAGC.

Captain James W. Hewitt, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, and Captain Stephen D. Smith, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

DE FIORI, Chief Judge:

Appellant was charged, *inter alia,* with a conspiracy to commit aggravated arson and the aggravated arson, during a field exercise, of an occupied tent. Pursuant to a pretrial agreement, appellant entered pleas of guilty to all but two of the charges upon which he was arraigned. After a searching providence inquiry by the military judge, appellant was found guilty in accordance with his pleas. He was sentenced to a dishonorable discharge, confinement at hard labor for seven years, and accessory punishments.

■ Appellant's pretrial agreement was in two parts. The first part contained the main body of the agreement, including five standard automatic cancellation provisions.[1] This first part stated that appellant agreed to enter pleas of guilty and enter a written stipulation of fact concerning the offenses, "provided the Convening Authority will: Take the action set forth in Inclosure 1." Inclosure 1 was the second part of the pretrial agreement. Unsigned, it contained

the convening authority's agreement to suspend any confinement in excess of three years for a three-year-period. It also contained the following provision: "The accused further agrees to testify truthfully, if called upon to do so, in the case of *U. S. v. Higginbottom.*"

Following the conclusion of his trial, appellant was called by the prosecution in the case against Private Higginbottom, one of the co-conspirators in the burning of the tent. Appellant's testimony at the Higginbottom trial was at variance with the stipulation of fact which he signed prior to his own trial, with the facts he related to the military judge during the inquiry into the providence of his pleas of guilty and with his pretrial statement to criminal investigators. The staff judge advocate, in his review of appellant's court-martial, opined that appellant's testimony in the *Higginbottom* case had been false and that the convening authority was therefore released from his obligations under the pretrial agreement. A copy of the review was served upon the trial defense counsel for comment, pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). The counsel returned the review without comment, and the convening authority approved the sentence as adjudged.

### I

■ Appellant contends that he was denied due process of law by the failure of the convening authority to hold a hearing to inquire into whether appellant's testimony in the *Higginbottom* case was false. Appellant's reliance upon *United States v. Simmons,* 537 F.2d 1260 (4th Cir. 1976), is misplaced. *Simmons* stands for the proposition that departures from a pretrial agreement may not be authorized unilaterally by the Government, but rather must be approved by the trial judge on the basis of

---

1. This first part of the pretrial agreement contained the signatures of appellant and both counsel. The trial counsel had also signed the agreement for the convening authority. Appellate defense counsel conceded during oral argument that no issue is raised by the fact that the convening authority did not personally sign the

agreement. All parties at all stages of this litigation have accepted the validity of the agreement, and we conclude that the trial counsel's signature bound the Government to the accord. *See United States v. McCants,* 47 C.M.R. 381 (A.C.M.R.), *pet. denied,* 48 C.M.R. 1000 (C.M.A.1973).

adequate evidence. The procedure followed in the instant case, far from being in conflict with *Simmons,* is consistent with its purpose. Following the conclusion of the court-martial, the convening authority's duties with respect to a case are not those of an agent of the Government, but rather those of a judicial officer.[2] It does not offend due process of law for the convening authority rather than the military judge to monitor an accused's compliance with the pretrial agreement because it is the convening authority who is charged by law with effectuating the agreement, and the ultimate responsibility must be his. Nor is due process offended by the lack of a formal hearing prior to the convening authority's taking action on the record at variance from the pretrial agreement. While there must be some legal and rational basis for the convening authority's action, the staff judge advocate's review and the accused's reply thereto furnish an accused with notice of the basis for the proposed action and provide the accused an opportunity to reply with the assistance of counsel. This procedure was formulated by the Court of Military Appeals specifically to deal with instances where the convening authority may wish for good cause shown to invalidate the sentence limitations of a pretrial agreement. *United States v. Goode, supra.* We find nothing in this procedure violative of due process.

## II

Appellant also asserts that the convening authority erred by failing to act in accordance with the pretrial agreement because the provision whereby he was released from its limitation on sentence was not an effective part of the agreement. We disagree. Although appellant is correct in stating that the main body of the agreement indicates that the inclosure's provisions operated solely against the convening authority, the language of the inclosure concerning appellant's agreement to testify left no doubt that appellant had agreed to an additional undertaking in conjunction with his plea of guilty.[3] Although the potential of this provision for cancellation of the agreement was not set forth plainly on the face of the accord, any possible ambiguity in this regard was dispelled by the military judge's inquiry into the agreement's terms. The military judge inquired specifically of appellant whether he understood that his failure to testify in the *Higginbottom* case could invalidate the agreement, and appellant responded in the affirmative. One of the purposes for requiring that the military judge conduct a plea bargain inquiry is to clarify "on the record any ambiguities which lurk within the agreements." *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976). Once a potential ambiguity has been discussed on the record and clarified to the satisfaction of the parties, it would undermine the purpose of *Green* if they were at liberty to urge a different interpretation on appeal.[4] We therefore conclude, in accordance with the interpretation placed on this agreement by the parties at trial, that appellant's agreement to testify at the Higginbottom trial was a part of the pretrial agreement, and that his failure

2. "Some of [the convening authority's] powers are of the kind associated with appellate review, but he has others affecting the findings of guilty and sentence that have the attributes of a trial court." *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 137, 48 C.M.R. 751, 753 (1974).

3. We recently stated that all conditions of an agreement should be contained in its main body, and that the appendix should contain only the limitation on sentence which the convening authority will approve. *United States v. Walters,* 5 M.J. 829 (A.C.M.R.1978). The procedure of having a mimeographed form for the main body of the agreement, with any provisions particular to a given case contained in the typewritten appendix, has the advantage of convenience, but such a practice frustrates the military judge's obligation to inquire prior to findings into the terms and conditions of the pretrial agreement and may result in controversies such as the one at bar.

4. For the proposition that the military judge has the power to clarify and modify the written terms of the agreement to reflect the intent of the parties, *see also United States v. Lanzer,* 3 M.J. 60, 62 (C.M.A.1977): "Once a pretrial agreement is made it should not be modified except by judicial order, i. e. the trial judge."

to adhere to the terms of that provision constituted good cause for the convening authority to void the agreement.

## III

 The final issue which we must discuss concerns the effect upon the providence of his own pleas of guilty of appellant's testimony at Higginbottom's trial. Appellant's testimony in this subsequent trial not only tended to exonerate Higginbottom, it also constituted a denial of appellant's own guilt and was contrary to appellant's replies to the military judge during the providence inquiry in his own case.

There are some circumstances where post-trial denials of guilt by an accused, made prior to the convening authority's action, call the providence of his guilty pleas into question. *United States v. Richardson,* 15 U.S.C.M.A. 400, 35 C.M.R. 372 (1965); *United States v. Lemieux,* 10 U.S.C.M.A. 10, 27 C.M.R. 84 (1958). Those cases, however, were tried prior to the mandate of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and involved only a *pro forma* explanation to the accused of the meaning and effect of his pleas. In view of the detailed *Care* inquiry which now precedes acceptance of a guilty plea, we do not believe that a finding of improvidence must necessarily flow from an accused's post-trial assertions of innocence. These doubts appear to be shared by the Court of Military Appeals. *United States v. Lanzer, supra,* note 4.

Upon consideration of the judicial policies which underlie the rule established in *United States v. Care, supra,* we conclude that an accused's post-trial denials of guilt, even if made under oath, will not render a plea of guilty improvident unless such denials involve matter not adequately covered in the military judge's *Care* inquiry. *Compare United States v. Gill,* 50 C.M.R. 206 (A.F.C. M.R.1975), *with United States v. Sperling,* 45 C.M.R. 691 (A.F.C.M.R.1972). Applying this rule to the instant case, we conclude that appellant's guilty pleas were provident.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge THORNOCK concur.