**UNITED STATES, Appellee,**

v.

**Private E-1 William G. ALEXANDER, SSN 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 United States Army, Appellant.**

**CM 440045.**

U. S. Army Court of Military Review.

16 June 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Jerome E. Kelly, JAGC, and Major Robert C. Rhodes, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Pursuant to his pleas of guilty, the appellant was convicted of eight offenses involving assaults, disrespect, communicating threats, and possession and sale of marihuana.[1] He was sentenced to a bad conduct

---

1. Violations of Articles 128, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 891, and 934.

discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. The convening authority reduced the period of confinement to nine months in accordance with a pretrial agreement, approving the remainder of the sentence as adjudged.

The appellant assigns three errors, all relating to the providence of his guilty plea to certain of the offenses. We reject appellant's contentions and affirm.

## I

After appellant had been transferred to the United States Disciplinary Barracks, and almost three months after his trial, the appellant attempted to renounce portions of his guilty plea in an affidavit as follows:

> I pleaded guilty to certain charges for which I was not guilty. I pleaded guilty based exclusively on the urgings of my detailed military defense counsel, CPT Steven Mirakian. The three charges to which I assert my innocence are: (a) threatening 1st Sgt Cavanaugh [sic]; (b) assaulting 1st Sgt Cavanaugh [sic]; and (c) using marijuana on 15 May 1980. My plea of guilty was improvidently given.

The appellant's substitute defense counsel, who was detailed by the convening authority when the trial defense counsel was discharged from the Army, requested the convening authority, in his response on behalf of appellant to the post-trial review, to disapprove the findings and sentence and grant a new trial based upon appellant's affidavit quoted above. The convening authority upon the advice of his staff judge advocate, rejected the appellant's request.

Before this Court the appellant has refined his error to argue that the convening authority erred in failing to direct a proceeding in revision under Article 62(b), Uniform Code of Military Justice, 10 U.S.C. § 862(b), to inquire "into the matter of the appellant's retraction of his pleas of guilty%(4)27" He asks this Court to set aside the findings and sentence and authorize a rehearing.

■ We agree with appellant that a revision proceeding would have been a permissible method of further inquiry into his plea of guilty, cf. *United States v. Steck*, 10 M.J. 412 (C.M.A.1981), but we do not agree that such further inquiry was necessary.[2] The military judge conducted a thorough, searching inquiry that lasted for more than an hour and covered 46 pages in the record of trial. In the inquiry the appellant related in detail the facts showing his guilt of the three offenses he now questions. His factual recitation and his answers to the judge's questions pointed conclusively to guilt.

The Supreme Court of the United States in *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), in considering a collateral attack on a guilty plea, had this to say about the strength of a guilty plea inquiry:

> "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison, supra*, 431 U.S. at 73–74, 97 S.Ct. at 1629.

Although this appeal is not a collateral proceeding, the words of the Supreme Court about the force and effect of a guilty plea inquiry are equally applicable here.

■ In the instant case, the appellant's affidavit contains only the assertions that he was not guilty of the three offenses named and that he pleaded guilty exclusively on the urgings of his defense counsel. There was no elaboration on his assertion of innocence nor explanation of the "urgings" of counsel. The Government, on the other hand, filed an affidavit from appellant's

---

2. We do not perceive the Court of Military Appeals' decision in *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977), as barring a revision proceeding at the direction of the staff judge advocate where, as here, the accused has filed an affidavit renouncing certain of his pleas of guilty and his counsel has asked for a further hearing.

trial defense counsel detailing his contacts with appellant and refuting appellant's assertions. Trial defense counsel's affidavit, unlike appellant's, was detailed and specific. It confirmed the knowing and voluntary nature of appellant's pleas and demonstrated the baselessness of his belated assertions of innocence. Under these circumstances the staff judge advocate correctly declined to direct revision proceedings. *Blackledge v. Allison, supra; United States v. Scott,* 6 M.J. 608 (A.C.M.R.1978); *United States v. Deadmon,* 3 M.J. 1003 (A.C.M.R.1977).

## II

 The appellant contends that his plea of guilty to assaulting First Sergeant Cavender was improvident because he was resisting unlawful force when he "unfortunately" hit the first sergeant. The facts do not support his contention. The appellant was restrained by several fellow trainees when he tried to flee from the first sergeant who was conducting an inspection. Breaking partially free the appellant hit the first sergeant in the face with his fist. The appellant admitted the blow was intentional. We find nothing in the record to support appellant's contention made on this appeal that he was being illegally restrained, that excessive force and undue violence was being used against him, or

that his blow to the first sergeant's head was inadvertent. The assigned error is without merit.

## III

 The appellant also asserts that his plea of guilty to disrespect to his first sergeant was improvident because the outburst was not directed toward that individual. The guilty plea inquiry shows otherwise. The appellant explained that he became angry at having to open his locker for the first sergeant to check for contraband. He took his clothes out of his locker and threw them on the floor at the feet of the first sergeant. This conduct clearly supports the allegation of disrespect in deportment toward the first sergeant. No inconsistency was raised during the inquiry. The plea was provident.

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.