UNITED STATES, Appellee,

v.

Specialist Five James N. MANN, SSN
306–62–3830, United States
Army, Appellant.

CM 441891.

U.S. Army Court of Military Review.

27 May 1983.

Captain Lawrence R. Hughes, Jr., JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Raymond C. Ruppert, JAGC, Major Paul J. Luedtke, JAGC, Major Robert C. Rhodes, JAGC, Captain Dennis E. Brower, JAGC, Captain Thomas R. Peppler, JAGC, George Clyde Gray, P.C., Esquire, and Stephen P. Eckert, Esquire.

Captain James C. Underhill, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of one specification of attempted burglary, one specification of attempted sodomy, two specifications of rape, two specifications of robbery, one specification of burglary and two specifications of aggravated assault, in violation of Articles 80, 120, 122, 129 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 922, 929 and 928 (1976). He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for life and reduction to the lowest enlisted grade. The convening authority reduced the conviction of burglary to housebreaking, in violation of Article 130, Uniform Code of Military Justice, 10 U.S.C. § 930 (1976), approved the remaining findings of guilty, and, in accordance with a pretrial agreement, reduced the period of confinement from life imprisonment to confinement at hard labor for twenty years.

The appellant first contends that his pleas of guilty should be set aside because they were the product of undue coercion and impermissible psychological pressure from an improper Criminal Investigation Command (CID) investigation. Secondly, he contends that he was not accorded adequate representation "due to neglect, misadvice, failure to investigate and other serious derelictions and wrongful motives on the part of his counsel." We find both contentions without merit.

At the trial the military judge conducted an extensive plea inquiry during which the appellant stated that he understood the elements of the offenses charged and the consequences of a guilty plea, admitted his guilt, stated that he understood the terms of his pretrial agreement, and expressed his satisfaction with his detailed counsel, Captains Brancato and Vick. The appellant does not now contest the adequacy of the plea inquiry. Instead he asserts that he gave false assurances to the military judge because of the pressure and coaching of his counsel.

In a post-trial affidavit the appellant makes numerous allegations of misconduct and derelictions by his counsel. We have examined the appellant's responses during the plea inquiry, the allied papers, the affidavits submitted by the appellant, and the affidavits of Captain Brancato and Captain Vick. On the basis of all the evidence before us we find the appellant's allegations unworthy of belief.

The appellant contends that Captain Brancato labored under a conflict of interest because he was a neighbor and casual acquaintance of one of the rape victims. In his post-trial affidavit, Captain Brancato states that he disclosed to the appellant that he and the victim, a female Army

captain, lived in the same building, an apartment-type bachelor officers quarters, along with twenty or thirty other officers, but that he did not know her. We believe that the fact that Captain Brancato lived in the same apartment building as the victim in no way affects the voluntariness of the pleas or the quality of Captain Brancato's representation. Nor do we believe that such a remote and incidental relationship amounts to a conflict of interest. Captain Brancato made the disclosure to the appellant out of an abundance of caution. The appellant had ample opportunity to request other military counsel but did not do so. We find no conflict of interest. *See* Standards for Criminal Justice § 4–3.5(a) (2d edition 1980); *United States v. Breese,* 11 M.J. 17, 20 (C.M.A.1981), *citing Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980).

■ The appellant also complains that his defense counsel refused to allow him to assist in the defense of his case. In his post-trial affidavit the appellant asserts that he requested his counsel to arrange for him to telephonically contact two women who had provided the CID with damaging evidence against him. It is clear from the affidavits of Captain Brancato and Captain Vick that the appellant's concept of assisting in his own defense was to exert influence on potential witnesses against him. His counsel were bound not to assist in such misconduct. *See* Standards, *supra,* §§ 4–3.-7(b), 4–5.1(c); Model Code of Professional Responsibility DR 7–102(A)(7) (1981).

■ The appellant also claims that his counsel pressured him into a pretrial agreement without explaining the consequences of a guilty plea or the effect of the pretrial agreement. We find the appellant's allegation patently false. Captain Brancato states that both counsel explained the consequences of a guilty plea to the appellant after the appellant initiated the consideration of a guilty plea. The military judge likewise conducted an extensive plea inquiry during which the appellant was able to convince the military judge that he understood the consequences of his plea and the effect of his pretrial agreement. We note that the appellant is not a naive recruit of marginal intelligence, but rather a twenty-five year old specialist five with five and a half years of service and a GT score of 147. The appellant asserts that he gave false answers to the military judge during the plea inquiry. We find his answers during the plea inquiry more believable than the self-serving declarations of his post-trial affidavit. *See United States v. Deadmon,* 3 M.J. 1003, 1004 (A.C.M.R.1977), *pet. denied,* 4 M.J. 149 (C.M.A.1977), *citing Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

■ The appellant next contends that his defense counsel refused to investigate the circumstances under which the CID had obtained damaging but inaccurate statements from two women with whom the appellant admittedly had "unorthodox or unconventional sexual relations. . . ." We find this complaint without merit. In the federal courts there appears to be a different standard for applying the duty of counsel to investigate in guilty pleas as compared to contested cases. In guilty plea cases the focus of the inquiry appears to shift to counsel's duty to insure that the plea is provident. *See Pollinzi v. Estelle,* 628 F.2d 417 (5th Cir.1980); *Jones v. Henderson,* 549 F.2d 995 (5th Cir.), *cert. denied,* 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 103 (1977); *Walker v. Caldwell,* 476 F.2d 213 (5th Cir.1973); *see also* Annot., 26 A.L.R. Fed. 218, 265 (1976). The question whether military courts should be more protective than the civilian federal courts need not detain us, because we are satisfied of the adequacy of representation in this case under either standard. The appellant told his counsel that the statements were true. His counsel were under no duty to investigate the accuracy of statements which the appellant stated were true, especially where the circumstances under which the statements were taken would not affect their admissibility against the appellant.

■ A failure to interview witnesses does not amount to ineffective assistance of counsel when the witnesses' account is oth-

erwise fairly known to the defense counsel. Where the accused knows what the witnesses will say and informs his counsel that the witnesses' pretrial statements are true, we will not predicate a finding of ineffective assistance of counsel on the failure of counsel to interview those witnesses. *See United States v. Decoster,* 624 F.2d 196, 209 (D.C.Cir.1979) (en banc), *cited with approval in United States v. Jefferson,* 13 M.J. 1, 5 (C.M.A.1982); *United States v. Clayborne,* 509 F.2d 473, 477–78 (D.C.Cir.1974).

■ The appellant complains that his counsel refused to petition the magistrate to release him from pretrial confinement. We also find this complaint without merit. We have no doubt that such an effort probably would have been futile in view of the number and seriousness of the charges. Counsel pursued what was a long shot but the only realistic course: to convince the command that the charges should be dismissed because all of the evidence was circumstantial. Where counsel pursue a valid tactical course to the exclusion of other equally valid courses of action, we will not condemn their representation as ineffective merely because it was not successful. *See United States v. Rivas,* 3 M.J. 282, 289 (C.M.A.1977); *United States v. Sublett,* 5 M.J. 570, 572 (A.C.M.R.), *pet. denied,* 5 M.J. 267 (C.M.A.1978). Even if the appellant's complaint was valid, it would not necessarily entitle him to relief. "While lack of diligence in obtaining a criminal defendant's pretrial release cannot be condoned, reversal of a conviction is not the appropriate remedy where the trial itself was not affected by the default." *United States v. Decoster,* 624 F.2d at 213.

■ Lastly, the appellant complains that his counsel ignored his requests that certain witnesses, whom he does not name, be called on his behalf during the sentencing hearing. Captain Brancato states that the appellant did not ask that anyone in particular be called as a witness. Whether or not the appellant requested certain witnesses by name, we are satisfied of the adequacy of defense counsel's representation during the sentencing hearing.

The defense case on sentencing was minimal, consisting of a brief unsworn statement through counsel "that [the appellant] has two dependents, a wife, and a four year old son," and a short argument asking the court to spare the appellant's family from being punished for the appellant's offenses. On its face such a sparse defense case appears unusual. However, it appears that the appellant's defense counsel did as much as could reasonably be expected. *See United States v. Combest,* 14 M.J. 927, 932 (A.C. M.R.1982), *pet. denied,* 15 M.J. 324 (CMA 1983). One of the rape victims, the Army captain, was the appellant's supervisor. Under the circumstances, it would have been very unusual for members of the appellant's supervisory chain to testify on his behalf. The prosecution already had placed the appellant's personnel records in evidence, reflecting acceptable but undistinguished performance of duty. Captain Vick explains that the appellant's unit commander was not called as a witness because he felt they could not afford to open the subject of the appellant's personal character. The defense wisely did not call Mrs. Mann as a witness for two reasons: (1) her attitude towards her husband was ambivalent, and (2) she was not a "dependent" but rather was an active duty soldier in pay grade E–5 and therefore not financially dependent on the appellant. The defense counsel did persuade Mrs. Mann to sit in the court room with their four-year old son, to lend persuasive weight to the defense plea to spare the appellant's family from the consequences of his crimes. The defense counsel were unable to honestly argue that the appellant was sorry because he showed no remorse. The defense could not put their client on the stand to make a sworn or unsworn statement because, as explained by Captain Brancato, "the military judge told me after the 39a session that I should tell Mann not to smile before the jury like he smiled to the judge while explaining the circumstances of the rapes."

Prior to the trial the defense counsel had negotiated a generous pretrial agreement limiting the period of confinement. They

recognized that a punitive discharge was likely. Under the circumstances, counsel wisely negotiated a pretrial agreement limiting the confinement, and they acceded to the appellant's request that they try to minimize the forfeitures.

On the basis of the entire record, we find that this case was ably tried. We find the appellant's attack on his counsel unworthy of belief. We find that his pleas of guilty were providently entered and that the sentence as modified by the pretrial agreement was appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.